## Cartin v. Standard Tin Plate Company, Appellant.

*Workmen's compensation—Findings of fact—Permanent injuries —Review.*

The findings of a referee affirmed by the Workmen's Compensation Board "that the condition of the claimant's hands, as the result of said accident, constitutes a permanent loss of the use of such members," is a fact found, and not a conclusion of law, such as may be reviewed on appeal.

Argued Oct. 11, 1918. Appeal, No. 97, Oct. T., 1917, by defendant, from order of C. P. Washington Co., May T., 1918, No. 32, dismissing appeal from decision of Workmen's Compensation Board allowing claim in case of Charles Cartin v. Standard Tin Plate Company. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Appeal from Workmen's Compensation Board.

McILVAINE, P. J., filed the following opinion:

"As we view the Workmen's Compensation Board it is, in effect, a tribunal chosen by the parties to settle a dispute between them, its award to be final and conclusive unless the award as made is in violation of some law or is obtained by fraud. This court has jurisdiction to review the award of the board, fairly and honestly made, only when the validity or binding effect of the same turns upon a question of law. In other words, the findings of fact, the weight that has been given those facts as a controlling factor in the formation of the final judgment of the board, and the amount of compensation allowed, are prima facie final and conclusive between the parties, and the burden is on the appellant, in case of an appeal, to convict the board of such an error in law as will vitiate its award. Has the appellant in this appeal done that? We think not.

"There is and can be no dispute as to the extent of the physical injury to the claimant's hands respectively; as to the kind of work that he had learned to perform and could do at the time of the accident; or as to the amount of wages he could and was earning with his hands when they were injured.

"The contention in this case arises over the question how this admitted injury of the hands affected their use in doing the work that he had previously been able to do. The claimant's counsel contend that the determination of this question is the finding of a fact, while the defendant's counsel contends that its determination is the decision of a question of law. If the claimant's contention is correct, then this court has no power to review, modify or set aside the findings of the referee on this question, it having been affirmed by the Board of Compensation.

"The finding complained of is as follows:

"'That the condition of the claimant's hands, as the result of said accident, constitutes a permanent loss of

the use of such members; that, in his present condition, he is unable to perform the work which he was engaged in at the time of the accident, nor can he perform the duties of a street car conductor, motorman, or railroad baggageman with which he has had experience.'

"This court cannot say as a matter of law that the board manifestly erred in holding 'that the condition of the claimant's hands, as the result of said accident, constitutes a permanent loss of the use of such members'; and 'that the injuries resulting from said accident were such violence to the physical structure of the body as is contemplated in Sec. 301, Art. III, of the Workmen's Compensation Act, and resulted in total permanent disability, being suffered in the course of the claimant's employment by the defendant company.'

"In deciding this question it must be remembered that the Workmen's Compensation Act of 1915 gives to the board thereby created certain discretion and freedom of judgment in making a settlement between an employer and an employee, and an exercise of that discretion and freedom of judgment in good faith will not be reviewed by this court,—such a review being allowed only when the settlement is contrary to law or an error of law has been made by the board which vitally affects that settlement.

"How can it be said that the board committed an error in law because it did not adopt the theory of the witness, Dr. McCurdy, that the claimant's present disability to work with his hands would, by practice or a systematic training of the parts of his hands that were not cut off, hereafter to a certain extent disappear? The claimant testified that he could not use his hands to do any kind of work. The board had a right to look at the present condition of the claimant and pass its judgment thereon, leaving the future developments to be passed upon at a rehearing if the defendant could show that this improvement,—probable at the time of the hearing,—had actually taken place. The award provides for a weekly

payment of $10, to continue not exceeding 500 weeks, and in an amount not exceeding $4,000, as provided in Art. III, Sec. 306, Clause 'a' of the Compensation Act, and the practice before the board to give rehearings where necessary is well established. Indeed, in the case at bar, counsel aver that Chairman Mackey in his opinion said: 'At present the claimant is totally disabled, but he is young and might in time develop a degree of skill and might find some work to which he could adapt himself, and in either of these events the board could entertain a petition to reopen the case and compensate him according to section 306, clause "c," which would be 175 weeks for each hand,' making the aggregate of the two periods 350 weeks in place of a maximum of 500 weeks.

"To summarize, we hold:·

"1. That the findings of fact in this case as affirmed by the Board of Compensation, in the absence of fraud, coercion or any improper conduct, are final.

"2. That the findings of the referee, affirmed by the board, 'that the condition of the claimant's hands, as the result of said accident, constitutes a permanent loss of the use of such members,' is a fact found and not a question of law decided such as this court can review, modify or reverse upon appeal.·

"3. That the defendant's remedy at this date, if it has any, is a petition to the board for a rehearing and not an appeal.

"5. That the settlement made in this case does the appellant no injustice and is not and was not made contrary to law."

*Error assigned* was the order dismissing the appeal.

*George C. Bradshaw,* with him *John C. Sherriff, Alexander P. Lindsay* and *Edwin Cummins,* for appellant.

*Adolph L. Zeman,* for appellee.

PER CURIAM, January 4, 1919:

The question here sought to be raised was clearly one of fact not of law, and the learned court very properly decided that into such controversy it could not enter. Poluskiewicz v. Philadelphia & Reading Coal & Iron Co., 257 Pa. 305, is a case in point.

Appeal dismissed at appellant's cost.