# Chovic *v.* Pittsburgh Crucible Steel Co., Appellant.

*Workmen's compensation — Findings of fact — Permanent injuries—Review.*

The findings of a referee, affirmed by the Workmen's Compensation Board, that the claimant suffered a permanent loss of the use of his right hand and, therefore, came within the provisions of paragraph (c) Section 306, of Article III of the Workmen's Compensation Act of 1915, is a fact found and not a conclusion of law such as may be reviewed on appeal.

Where a claimant has lost the use of his thumb, with two of the principal bones shortened through necrosis, and has but little grasping power in his hand and can barely move his index and middle fingers, the finding of the referee that he has lost the use of his hand, is a question of fact; not reviewable by the appellate courts.

Argued April 17, 1918. Appeal, No. 126, April T., 1918, by defendant, from order of C. P. Beaver Co., December Term, 1917, No. 83, dismissing appeal from decision of Workmen's Compensation Board allowing claim in case of Mike Chovic v. Pittsburgh Crucible Steel Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was, among others, order of the court dismissing the appeal.

*George C. Bradshaw,* and with him *Alexander P. Lindsay* and *John C. Sheriff,* for appellant.— The claimant was only partially injured and cannot recover for the permanent loss of his hand: Grammici v. Zinn, 219 N. Y., 323 (114 N. E. 397); Kanzar v. Acorn Manufacturing Co., 219 N. Y. 326 (114 N. E. 398); Boscarino v. Carfagno, 220 N. Y. 323 (115 N. E. 710); Carky v. Ireland Paper Co., 177 App. Div. 73 (163 N. Y. Supp. 710); Adams v. Boorum and Pease Co., 166 N. Y. Supp. 97; Lavenensky v. Foerderer Glue Co., 2 Department Reports 42; Lenny v. Porter & Co., 2 Dep. Rep. 1008.

*Clyde Holt,* of *Holt, Holt & Richardson,* for appellee.

OPINION BY PORTER, J., April 21, 1919:

This is a proceeding to recover compensation under the Workmen's Compensation Act. The plaintiff was injured in the course of his employment, by having a steel slab fall upon his right hand. He filed his claim with the Workmen's Compensation Board and the referee allowed him compensation based on a finding of fact that he had suffered the permanent loss of the use of his right hand and therefore came within paragraph (c) of Section 306, of Article III of the Workmen's Compensation Act of 1915; which provides as follows: "Permanent loss of the use of a hand, arm, foot, leg or eye, shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye." The award was affirmed by the compensation board. The court below dismissed an appeal from that finding, and from that order we have this appeal, by the steel company.

While there are a large number of specifications of error, the only question really involved may be stated thus: "Did the injury to the plaintiff's hand constitute a loss of the use of his hand within the meaning of paragraph (c) of Section 306, of Article III of the Workmen's Compensation Act of 1915?" The appellant contends that the underlying or subordinate findings of fact by the referee do not support his ultimate or controlling finding. The referee performed his duties with diligence and intelligence and specifically stated the character of the injury to plaintiff's hand and the condition in which the hand was left after having received proper surgical treatment. The subordinate findings of the referee may be thus briefly summarized. The metacarpal bones connecting with the index finger and the second finger were broken and displaced, one bone of the thumb was broken and another dislocated, the hand being badly crushed, in healing the metacarpal bone back of the index finger and the bone in the thumb both necrosed and an operation became necessary. After the healing of the injury the plaintiff had ankylosis of the thumb and very little motion in it; because of the injury to the metacarpal bones, between the first and second fingers and the wrist, they are short and the claimant has lost at least seventy-five per cent. of the motion of the first. finger and about fifty per cent. of the motion of the middle finger and has very little grasping power in his hand, on account of the almost entire loss of motion of the thumb and loss of motion of the first and second fingers. The appellant contends that the question whether, under the facts found, the plaintiff has lost the use of his hand, is one of law.

The plaintiff is a common laborer. The purpose of the legislature, in adopting the Workmen's Compensation Act, was to make reasonable provision for the victims of industrial accidents because of the resulting impairment of their ability to earn a livelihood for themselves and those dependent upon them. The section of

the statute with which we are now dealing provides that the compensation for the loss of a hand shall be fifty per cent. of the wages during one hundred and seventy-five weeks. It provides that amputation between the elbow and the wrist shall be considered as equivalent to loss of the hand. If it had stopped there this could only be construed to refer to an amputation, but it did not stop there, it went further and said that: "Permanent loss of the use of a hand......shall be considered as equivalent to the loss of such hand." Whether a man has lost the use of a hand depends upon whether the hand has become useless in any employment for which that particular man is mentally and physically qualified. This plaintiff has lost the use of his thumb; two of the principal bones in the palm of his hand have suffered from necrosis and been shortened, he has but little power to move his index and middle fingers and very little grasping power in his hand. Has he lost the ability to use his hand in any employment for which he is qualified? Is that a question of law, or of fact? That it is a question of fact seems to be determined by the recent decision of the Supreme Court in Cartin v. Standard Tin Plate Company, 263 Pa. 56. In that case the claimant had suffered the loss of two phalanges of each of three fingers and one phalanx of the little finger of the right hand; and two phalanges of each of three fingers of the left hand. The thumb of the right hand and the thumb and little finger of the left hand were uninjured. It thus appeared that the claimant still had parts of all his fingers, while both thumbs and the little finger of the left hand were unimpaired. It was argued in that case, as in this, that it must be held, as matter of law, that the claimant had not, within the meaning of the statute, lost the use of both hands. The Supreme Court held that the question was one of fact and not of law and affirmed the findings of the referee. The same conclusion was reached in Pater v. Superior Steel Co., in which an opinion was the same day filed by the Supreme

Court in the Western District.    Being a question of fact we are without authority to review the findings of the referee and the board in the present case.    Referees and the Workmen's Compensation Board are public officers acting under oath, and upon them great responsibility is imposed by the provisions of the statute that their findings of fact are final.    If they err, the courts can grant no relief to parties who may be wronged.    In the light of the plain words of the statute, the learned court below did not err in holding that it could not disturb the facts found by the referee and the Compensation Board.

The appeal is dismissed at appellant's costs.