## Howard A. Hager *v.* Norristown Magnesia Asbestos Co., Defendant and Maryland Casualty Company, Insurance Carrier, Intervening Defendant, Appellants.

*Workmen's compensation law—Loss of use of hand—Compensation for loss of hand—Evidence.*

Under the Workman's Compensation Law, the permanent loss of the use of a right hand is equivalent to the loss of such hand.

Where complainant lost the thumb and two-thirds of the proximal metacarpal bone, so injuring his hand that he was unable to use it for any purpose, he is entitled to compensation for the loss of his hand.

Argued November 16, 1925.   Appeal No. 131, October T., 1925, by defendant, from judgment of C. P. Bucks County, June T., 1923, No. 33, in the case of Howard A. Hager vs. Norristown Magnesia Asbestos Co., Defendant and Maryland Casualty Company, Insurance Carrier, Intervening Defendant.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, J. J.   Affirmed.

Appeal from award of Workmen's Compensation Board.   Before RYAN, P. J.

**160**     HAGER *v.* MD. CAS. CO., Appellants.

The facts are stated in the opinion of the Superior Court.

The Court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was the decree of the Court.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.

*John P. Betz, Jr.,* and with him *George C. Klauder,* for appellee.

OPINION BY LINN, J., February 26, 1926:

This appeal by an employer and his insurance carrier from an award of compensation, turns on whether claimant lost the use of his right hand, or was less seriously maimed. He was injured while employed cutting asbestos covering with a circular saw. The thumb and two-thirds of the proximal metacarpal bone are amputated; a linear scar in the palm of the hand near the root of the ring finger extends around to the ulna side of the hand. There is a scar on the radial side of the index finger, which also shows a healed laceration from the tip of the second joint, and there is some stiffness at this joint. The ring finger shows a healed laceration extending from the second to the proximal joint. The little finger and the middle finger seem normal. Across the palm is a healed laceration. The removal of the thumb destroyed the function of prehension; the hand now has only a hooking function, and the scarring in the palm and on the index finger impair the grasping power of bringing the fingers into the palm of the hand.

Some four months after the accident he signed a final receipt. After working at a number of occupations over a period in excess of two years, claimant found that he could not use what remains of his hand

in its maimed condition in any occupation for which he was fitted. There is evidence that he returned to his employment but after being "shifted......around from one position to another" for two or three months, "because [he] had no grip", he had to give up that employment. In the four other occupations he tried, the result was the same. He then applied to have the receipt set aside as having been signed under a mistake concerning the extent of his disability. On evidence that the hand was in the condition generally described above, the receipt was set aside and the referee found that he had "sustained the loss of the use of the hand".

The findings of mistake and of the loss of the use of the hand were affirmed by the compensation board and by the common pleas. The case is close but there is evidence to support the findings in question and further we may not inquire: Chovic v. Steel Co., 71 Pa. Super. Ct. 350; Cartin v. Tin Plate Co., 263 Pa. 56; Pater v. Superior Steel Co. 263 Pa. 244; Kerwin v. Amer. Rwy. Express Co. 273 Pa. 134. For a case on the other side of the line, in which this court found that the evidence did not support the conclusion that an employe had lost the use of a hand, see C. Frank Gorman v. American Metal Co. et al.,—Pa. Super. Ct.—, this day decided.

The statute provides that "permanent loss of the use of a hand......shall be considered as the equivalent to the loss of such hand......" sec. 306, Act June 2, 1915, P. L. 736. "A permanent injury must be one that destroys the usefulness of the member": Lente v. Luci, 275 Pa. 217, 223. There is evidence that the usefulness of the right hand had been permanently destroyed.

Appellants contend that as claimant was able to work at the occupations mentioned after the injury, he must have some use, however impaired, of his right

hand, and that if the finding appealed from be sustained, he may in the future again claim compensation if what remains of his hand be again injured in some other employment. That situation will be dealt with when it arises, though the solution would seem to be indicated in the opinion in Lente v. Luci, supra, in which the court said: "Claimant lost one of his eyes before he entered this employment,—he may not have compensation in another case for the loss of this member; and if we now compensate him for total disability, he would be getting a preference over his neighbor who might have lost both eyes in the same accident."

Judgment affirmed.