# Karlick *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Injuries to eye—Evidence of injury— Sufficiency.*

On a claim under the Workmen's Compensation Law, the evidence established that, in order to have any available vision in the left eye, it was necessary for the claimant to bend his head down and look upward. In so doing, the right eye was necessarily affected by a loss of its muscular balance.

The injuries caused a large corneal opacity which covers nearly 2/3 of the lower portion of the pupilary area of the left or injured eye.

Under such circumstances, the evidence was sufficient to support the finding of the referee that, for industrial purposes, the claimant has lost the use of his eye. Although vision may remain to a slight degree, the injured person may be entitled to compensation, as if there were a total blindness of the eye.

Argued October 25, 1926. Appeal No. 152, October T., 1926, by defendant from the judgment of C. P. Northumberland County, February T., 1926, No. 389, in the case of Joe H. Karlick v. The Philadelphia and Reading Coal and Iron Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before LLOYD, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the decision of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Voris Auten,* and with him *B. D. Troutman,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY HENDERSON, J., December 10, 1926:

The appellee sustained an injury to his left eye while mining coal and the referee found:

"That a large corneal opacity resulting from the injury........covers nearly 2/3 of the lower portion of the pupilary area of his left or injured eye.

That as a result of this corneal scar claimant has no direct vision in his left eye.

That by bending his head downward and peering over the corneal opacity, claimant has 20/70 vision in his left eye, which can be corrected under like conditions with a lens to 20/40,"

and that as a result of such injury he has lost the use of his left eye. The Compensation Board approved of this finding and on appeal the Court of Common Pleas sustained the action of the Board. There was some contradiction in the medical evidence introduced but that presented by the claimant supports the finding of the referee. It is true that there is some vision in the injured eye but it is not direct because of the scar on the lower half of the pupil. It appears from the testimony without contradiction that in order to have any available vision in that eye it is necessary for the claimant to bend his head down and look upward, in doing which the right eye is necessarily affected by a loss of its muscular balance. The condition as described by the claimant's witness supports the finding that for industrial purposes the claimant has lost the use of his eye. Although vision may remain to a slight degree the injured person may be entitled to compensation as if there were a total blindness of the eye: Androlonis v. Philadelphia & Reading C. &. I. Co., 280 Pa. 71; Quinn v. American Interna-

tional Ship Building Corp., 77 Pa. Superior Ct. 304; Massett v. Armerford Coal M. Co., 82 Pa. Superior Ct. 583. We do not regard the cases cited by the appellant as inconsistent with the decision of the court below. The assignment is overruled and the judgment affirmed.