## Emery v. Heintz Manufacturing Company et al.

*Todd Daniel*, for plaintiff; *Sterling & Willing*, for defendant.

LEWIS, J., Oct. 31, 1928.—The disposition of this appeal from an award of compensation depends on whether claimant lost the use of his right hand. In the course of his employment, the claimant, on Sept. 29, 1926, met with an accident, as a result of which he suffered the amputation of the four fingers of his right hand, the line of amputation passing just in front of the knuckles. At the hearing *de novo*, claimant testified that he was at that time engaged in the work of rubbing down paints, in the course of which the only use he made of his right hand was "just pushing with the lower part of the palm." He stated that he had no gripping power in the index finger and could "just barely hold a small coarse object." He also stated that, following the accident, he was employed as an acetylene gas welder and that he used his right hand to hold the wires.

Dr. B. B. Neubauer stated that an examination of the right hand showed the "thumb intact, in good condition; all the movements of the joints are carried out to their full range, both in flexion and extension. The motor power of the thumb is good." After describing in detail the condition of each finger, he continued: "The palm of the hand is in good condition. There is no scar tissue in the palm of the hand; there is no fascia contraction. The movements of the wrist joint are good, and are carried to their full range, both in flexion and extension. The motor power of the wrist is good. There is no atrophy of the muscles of the palm or dorsal surfaces of the hand. . . . The patient is able to approximate the thumb and the remaining portion of the index finger." As a result of his examination, the witness gave it as his opinion that the loss sustained by the claimant was the loss of the fingers and not the loss of the use of the industrial hand, by which he stated he meant that the claimant was able to do some work with his hand.

Dr. Walter H. Blakeslee, after describing the hand in terms substantially corresponding to the former witness, gave it as his opinion that claimant did

"lose the industrial use of the hand." Upon cross-examination, he admitted that the motive power of the thumb and of the remaining portion of the index finger was good, and that the movements of the wrist joints were carried out to their full range. He stated that the use to which claimant was then putting his hand simply indicated "that he is making some adaptation of his hand and its remaining functions." The board found as a fact that claimant had lost the use of his hand.

In the case of Massett v. Armerford Coal Mining Co., 82 Pa. Superior Ct. 579, Judge Keller said: "An award under paragraph (c) of section 306 contemplates the absolute loss of one of the members mentioned in the paragraph or such a permanent injury as is the equivalent of its loss. It must be such an injury as 'destroys the usefulness of the member:' Lente v. Luci, 275 Pa. 217, 223. . . . The expressions 'loss' and 'loss of the use,' as used in section 306 (c), should be given their unrestricted and ordinary use; and the claimant's eye, or the use of it, is not lost unless it is useless in any employment for which claimant is physically and mentally fitted: Chovic v. Pittsburgh C. S. Co., 71 Pa. Superior Ct. 350, 353; Grammici v. Zinn, 219 N. Y. 322; 114 N. E. Repr. 397."

In Chovic v. Pittsburgh C. S. Co., 71 Pa. Superior Ct. 350, Judge Porter stated: "Whether a man has lost the use of a hand depends upon whether the hand has become useless in any employment for which that particular man is mentally and physically qualified."

As was said by Judge Henderson, in a case very similar to that presented here: "Our inquiry now is whether the evidence sustains the award. . . . The question for the consideration of the referee and the Compensation Board was, therefore, whether the evidence fairly established a total loss of the use of the hand:" Gorman v. American Metal Co., 87 Pa. Superior Ct. 532, 535.

Our careful reading of the testimony has convinced us that the claimant has not suffered the loss of the total use of his right hand, although it is clear that his use of it will be greatly restricted, as is to be expected, in view of the loss of the four fingers. This is quite different from saying that the hand has become useless in any employment for which he is qualified. He certainly has the entire use of the palm of the hand, and is in fact using it, and also has a certain amount of use of the thumb in connection with the other fingers.

In support of the award, the able counsel for the board has cited Karlick v. Reading Coal and Iron Co., 89 Pa. Superior Ct. 396, and Hager v. Norristown Magnesia Asbestos Co., 87 Pa. Superior Ct. 159. In the latter case, Judge Linn pointed out that there was evidence that the usefulness of the right hand had been permanently destroyed—in the case at bar, all the testimony shows that the claimant's hand is now being used—while in the former case the injury was to claimant's eye, and while vision remained to a slight degree, it was necessary for him to bend his head down and look upward in order to use the eye at all. Under these circumstances, the court said that the referee was justified in finding that, for industrial purposes, the use of the eye had been entirely lost.

And now, Oct. 31, 1928, the appeal is sustained and the award of compensation based on total loss of the use of claimant's hand is set aside. The cause is referred back to the Workmen's Compensation Board to revise the award in accordance with the opinion.

NOTE.—For more recent amendment of Workmen's Compensation Law, see Act of April 13, 1927, P. L. 186.