## Laverick v. H. B. Underwood Corporation et al.

*White, Schnader, Maris & Clapp,* for appellant.
*Ladner & Ladner,* for appellee.

LAMBERTON, J., February 15, 1932.—William Laverick was employed by defendant, H. B. Underwood Corporation, as a carpenter, at an average weekly wage of twenty-four dollars. On July 28, 1930, in the course of his employment, claimant's left hand was caught in a wood-planer, necessitating the amputation of four fingers of his left hand. The index finger and the little finger were amputated at the proximal joint; the middle finger and the ring finger were amputated at a point between the knuckle and the proximal joint. There was no injury to the thumb or to the palm of the hand.

Claimant filed a petition for compensation, claiming for the loss of his hand under section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. A hearing was held before the referee, and the referee filed findings of fact and conclusions of law, awarding compensation for the loss of four fingers at the rate of fifteen dollars per week for 100 weeks.

Claimant thereupon took an appeal to the compensation board and filed a petition for a hearing de novo, again claiming compensation for the loss of a hand. Accordingly, a hearing de novo was held before the board, at which it was agreed that the evidence taken before the referee should be considered as if taken before the board, and additional evidence was likewise received. The board, on December 16, 1931, filed its own findings of fact and conclusions of law, awarding compensation for the loss of a hand at the rate of fifteen dollars per week for 175 weeks. Finding of fact No. 5 by the board was as follows:

"The claimant has lost the industrial use of his left hand for any employment for which he is mentally or physically qualified to perform."

Defendants then filed their appeal to this court and the one point at issue is whether claimant is entitled to compensation for the loss of four fingers or is entitled to compensation for the loss of a hand.

The Compensation Act provides that permanent loss of the use of a hand shall be considered as the equivalent of the loss of such hand.

At the hearing before the referee, claimant was the sole witness in his own behalf. He testified that he could not pick things up with his left hand; that

he could not hold anything between the thumb and the stump of the index finger except thick objects; that he could not do any lifting with his injured hand; that he had no power to grasp with it; that he could not pull with it.

Defendant called Dr. Edmund B. Sweeney, who testified that he had treated the claimant for six weeks after the injury; that in his opinion claimant had not sustained the industrial loss of the use of his hand, because he had the full use of the thumb, palm and dorsum of the hand and the use of the proximal bone of the index finger; that he could lift objects with his palm upwards; that he could grasp a hammer handle.

The referee then called Dr. Samuel N. Grahn, who testified that he had examined the claimant's hand and that in his opinion claimant had not lost the industrial use of his hand for all industrial purposes; that after claimant had accustomed himself to his disability he could do carpenter work, general laboring work or farm work, but that a great deal of rehabilitation would be necessary in getting used to this hand in the working of it.

At the hearing de novo before the compensation board, claimant called additional witnesses. Alexander Rife testified that he is a carpenter; that claimant had tried to do some carpentering work for him and that he could not do it; that he could not nail; that he could not do trim work; that he could not do flooring; that he could not hang doors; that he could not do studding; that he could not do planing; that he could not block joists; that he could not do roofing; that he could not do laboring work.

Alex Matusevich testified that he is a carpenter, and that he had given claimant a chance to work since the accident; that he tried him for four days two months before the hearing and let him try everything; that in the construction of a house he tried him on all work from the cellar to the roof; that he could not block joists; that he could not lay flooring; that he could not handle nails; that he could not plane; that he could not hang sashes or doors; that he could not even do light laboring work.

Whether a man has lost the use of a hand within the meaning of the act depends upon whether the hand has become useless in any employment for which that particular man is mentally and physically qualified: Chovic *v.* Pittsburgh Crucible Steel Co., 71 Pa. Superior Ct. 350. It is not sufficient to entitle claimant to compensation for him to show that he has lost the use of his hand for the particular employment in which he was engaged. The use must have been lost for all practical purposes: Gorman *v.* American Metal Co. et al., 87 Pa. Superior Ct. 532. This makes it necessary, in borderline cases, to consider not only the nature of the injuries but also the nature of the particular man, that is, his education, mental abilities, physical equipment, age, past experience, etc. It is obvious that injuries to the hand of one man might render the hand useless in any employment for which that man is mentally and physically qualified, whereas the same injuries to the hand of another man might not render such hand useless for any employment for which that man is mentally and physically qualified.

The question whether a claimant in a particular case has lost the use of a hand is a question of fact: Cartin *v.* Standard Tin Plate Co., 263 Pa. 56, and it is fundamental law that under our Workmen's Compensation Act findings of fact are not subject to review on appeal if there is competent evidence to sustain them.

In this case, the board had before it the man's hand. Just as the chart attached to the record of the board, showing the point at which each finger was amputated is much more helpful than a mere description of the injuries, so the exhibit of the hand itself would be more helpful still. The board had the

man before it and could judge of his mental and physical qualifications for different kinds of work. The board also had the testimony of the man himself and of two others as to his incapacity to do certain kinds of work. This is substantial evidence sufficient to sustain the findings of the board that the claimant has lost the use of his hand.

Counsel for defendants depend largely on the case of Gorman v. American Metal Co. et al., 87 Pa. Superior Ct. 532. The vital distinction between that and the present case is that in the Gorman case the index finger was practically uninjured, leaving claimant the full use of the two most important digits of the injured hand, namely, the thumb and the index finger. In this case, the index finger is amputated at the middle joint, leaving him only a short stump, obviously far less useful than a full finger.

The law and the facts in the case of Cartin v. Standard Tin Plate Co., 263 Pa. 56, are so much in line with those in the present case that, in our judgment, that case forms a binding precedent.

And now, to wit, February 15, 1932, defendants' exceptions are dismissed and judgment is entered against the defendants, H. B. Underwood Corporation and Pennsylvania Manufacturers' Association Casualty Insurance Company, and in favor of the claimant, William Laverick, in the sum of fifteen dollars per week for 175 weeks from August 4, 1930, to December 11, 1933, amounting in all to the sum of $2625, together with interest at the rate of six per cent. per annum on the amounts of compensation due at the time the first payment is actually made, in accordance with section 410, article IV of The Workmen's Compensation Act of 1915, as amended.