Beishline *v.* Pardee Bros. & Co., Inc., Appellant.

Argued April 30, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*John H. Bigelow,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

David Beishline was injured on December 6, 1928, while employed in a mine of the defendant and was paid compensation for total disability, pursuant to a compensation agreement, until his death sixty weeks later on February 4, 1930. Thereafter, his widow presented a petition for compensation alleging that his death resulted from the accident on December 6, 1928.

The direct cause of death was bronchial pneumonia, and the specific question now involved is whether there was sufficient competent evidence to sustain the findings of the referee and board that there was a causal connection between the original injury and the death. The defendant urges that the testimony will not support any other conclusion than that the death was due to independent intervening agencies or maladies having no connection with the original accident, and particularly that the death was probably hastened by an attack of influenza in May, 1929. If there was sufficient competent testimony to sustain the findings of the referee and board, the judgment must be affirmed even though we might have arrived at a different conclusion had it been our province to determine the questions of fact.

Dr. Rumbel, a physician called by the claimant, who attended the deceased from the second day after the accident until his death, testified: "He had a severe injury over his whole body. His head and chest, arms; he was paralyzed in his right arm, not total paralysis but he couldn't use his arm up until his death. The right arm, not the left. He couldn't hold anything in his hand ...... His chest was bruised, contused, his face and head was peeled off ...... He developed a congested condition of the lung. That was shortly after the injury. I can't say just the exact date, but a week or so, and later into a pleurisy. He developed a bronchitis which never left him up to the time of

his death." It was admitted that Beishline had the grippe, or "flu", in May of 1929 which lasted a week or ten days. The physician gave it as his opinion that the "pneumonia from which this man died was caused by the injury he received December 6, 1928."

At the first hearing the defendant called four doctors who expressed the opinion that there was no connection between the cause of death and the original injury. Dr. Taggart, one of these physicians called by defendant, also attended Beishline, seeing him sometimes in company with Dr. Rumbel and at times alone. On cross-examination he stated that he did the compensation work for the defendant company and that he "never marked him off compensation," and further admitted that he had written a letter to an insurance company carrying disability insurance wherein he certified that Beishline was permanently and totally disabled.

The referee found that the "injuries sustained in the accident of December 6, 1928, were material contributory factors in causing the death of David Beishline." On appeal to the workmen's compensation board, that body was of the opinion that there was sufficient evidence to support the findings of fact as a matter of law, but being called upon to pass on the weight of the evidence as triers of facts thought that there should be additional expert testimony from a disinterested witness and consequently returned the record for the purpose of having such an expert, Dr. Morgan, examine the record and submit himself for examination. The record was therefore returned to the referee for that purpose. Dr. Morgan, after having read all of the testimony, testified that in his opinion "the accident sustained on December 6, 1928, is [was] a direct sequential factor in contributing to the death of Mr. Beishline." The defendant at the same time called two additional witnesses who supported its con-

tention. The referee again found for the claimant and this action was sustained by the board and the court below.

We are all of the opinion that there was sufficient evidence to support the findings of fact by referee and board. The learned counsel for the defendant has presented a strong argument which would have been very persuasive had it been our duty to pass on the weight of the evidence, but that is the exclusive province of the referee and board. The defendant lays considerable stress upon the fact that the board did not, on the first appeal, accept the testimony of Dr. Rumbel as against the four other doctors; that the testimony of Dr. Morgan was necessarily predicated upon that of Dr. Rumbel; and that for this reason the expert testimony of Dr. Morgan was of no value. The board did not reject the testimony of Dr. Rumbel but was of the opinion that there should be other expert testimony for the information of the person or persons determining the facts. When the conclusions of Dr. Rumbel were supported by those of the disinterested expert, the finding was for the claimant. There is not here a situation where we can say that there was no evidence to support the conclusion. There were some additional facts which gave support to the claim for compensation. This man was severely injured in the region of the chest, had a constant cough, and was totally disabled from the time of the accident until his death. Dr. Taggart, the principal witness for the defendant, admitted that he had certified the man was totally and permanently disabled. These facts undoubtedly were given weight by the board.

The judgment of the lower court is affirmed.