Opinion by
 

 Baldrige, J.,
 

 John Savolaine, the claimant, received a serious injury of his left foot while in the course of his employment as a hod carrier. On November 6, 1931, an open agreement for an indefinite number of weeks was entered into, under which claimant was paid $15 per week. A second petition was filed on January 25, 1934, for a modification of tjhe agreement. The referee, after a hearing, found that the claimant had suffered the permanent loss of the use of his left foot for industrial purposes, and made an order in accordance with the provisions of section 306(e) of the Workmen’s Compensation Act of June 2, 1915, P. L. 736 (77 PS §513). Upon appeal to the board, the referee’s findings and conclusions were sustained by the board on May 14, 1936. No appeal was taken from that decision, but on May 29, 1936, claimant filed a petition to reinstate the agreement which had been terminated on August 7, 1934, alleging that subsequent to October 30, 1935, he had recovered the industrial use of his foot. The referee decided that the disability of the claimant was confined solely to the left foot, for which loss he had already been paid compensation for 150 weeks, and dismissed the petition. Upon appeal, the board held that it could not entertain the petition of claimant to reinstate the original agreement as the award for a definite period
 
 *510
 
 of weeks could be reviewed only on a petition filed during the definite period specified in the award; that the claimant should have taken a timely appeal from the last decision of the board, but it considered the last petition as though it were filed under section 426 for a rehearing. This was entirely proper:
 
 Manley v. Lycoming Motors Corp. Etc.,
 
 83 Pa. Superior Ct. 173. The board held that the present disability of the claimant is confined solely to his left foot (that the claimant conceded) and affirmed the referee’s order dismissing the petition.
 

 Upon appeal, the learned court below, holding that the testimony clearly showed that the claimant had not lost the industrial use of his foot, reversed the compensation board, and directed that “compensation be awarded the claimant for such time exceeding the period of 150 weeks from the date of the accident as his disability continues,” and remitted the record to the board to determine the time during which compensation should be paid. We think the court’s action was wrong. A court is not permitted to weigh the evidence or substitute its findings for those of the compensation authorities if there is legally competent evidence to support them, even though it might be inclined to conclude otherwise if sitting as a fact-finding tribunal. The compensation authorities decide questions of fact and the courts those of law:
 
 Beishline v. Pardee Bros. & Co. Inc.,
 
 114 Pa. Superior Ct. 71, 173 A. 700;
 
 Melini v. Saltsburg Coal Mining Co. et al.,
 
 119 Pa. Superior Ct. 356, 181 A. 330;
 
 Zuro v. McClintic Marshall Co.,
 
 129 Pa. Superior Ct. 143, 195 A. 160.
 

 Dr. Eakin, called by the defendant, testified that he began treating the claimant in November, 1931, for the foot injury, and that thereafter he saw him intermittently until October 30, 1935, the day of the hearing. He apparently was very well acquainted with the extent and nature of claimant’s injury and expressed the
 
 *511
 
 opinion that claimant, who was about 65 years of age at the time of the injury, had permanently lost the industrial use of his left foot. Dr. Foster’s testimony was to the same effect. Dr. Henderson, called by the claimant, testified that claimant would never have a complete recovery and that he could not do the work of a hod carrier, but he might be able to do work which would not require him to bear weight on the injured foot, but there would be no appreciable improvement in his ability to use the foot within four years.
 

 At the last hearing held in August, 1936, the claimant testified that he returned to work on April 13th of that year, which was only about four months after the previous hearing; that he had almost fully recovered and was able to perform the same character of work as prior to the injury, but he could not do as much work as formerly; that at times he experienced pain and it was necessary for him to watch that he did not walk on uneven ground. The claimant, however, did not see fit to call any doctor to testify in respect to the alleged improvement in his foot. Herman Niemi, a fellow-worker, testified that claimant could work on the ground but could not carry a hod upstairs. As Chairman TJ11man of the board, in his opinion, stated: “Standing on the ground and hoisting material above on a pulley may be done by one having a permanent industrial loss of the foot.”
 

 Assuming that the claimant can do some work, and that his injuries do not extend beyond the foot, which as heretofore stated was conceded, there is ample evidence to justify the finding that he has lost the use of his foot. The form of the award does not depend upon claimant’s ability to engage in manual labor, but whether or not he has lost the use of his foot. The legislature in providing under section 306(c) compensation for all disability resulting from such a loss did not contemplate payments beyond the
 
 *512
 
 150-week period. The amount definitely fixed for the loss of the use of a member includes whatever incapacity may be connected therewith, whether it be total, partial, or no incapacity at all:
 
 Zuro v. McClintic Marshall Co.,
 
 supra. In
 
 Sharcheck v. Beaver Run Coal Co., 275
 
 Pa. 225, 119 A. 135, the claimant’s ankle was injured and the original order was for total, later changed to partial, disability. One of the doctors testified that the claimant, as here, had practically lost the use of his foot as he was handicapped in following his usual work. The Supreme Court, speaking through the present Chief Justice, there said (p. 228): “So, if the injury or wound becomes permanent, causing the loss of the use of a member named in section 306(c) — the foot or ankle has healed and will be permanent in its present condition — for all disability to such member, resulting from such permanent injury, compensation shall be ‘exclusively’ as provided in 306(c).” See, also,
 
 Kerwin v. American Ry. Exp. Co.,
 
 273 Pa. 134, 116 A. 655;
 
 Hager v. Md. Cas. Co., 87
 
 Pa. Superior Ct. 159;
 
 Jones v. Heintz Mfg. Co.,
 
 104 Pa. Superior Ct. 30, 159 A. 73.
 

 The learned court below, in its opinion, states: “In view of this ability of claimant to work, we feel there is not sufficient testimony in the record to sustain the finding of the board. It is based entirely on the testimony of the physicians taken prior to this time. They gave it as their opinion that this man has lost the use of his foot and that is only an opinion.” The fact-finding bodies were not required to disregard the opinion of the medical experts and accept as true the testimony of the claimant. Their testimony was entitled to consideration with the other testimony in determining the disputed issues of fact. The opinion of medical men, especially in compensation cases, is generally very important.
 

 In our view of this case, there was legally compe
 
 *513
 
 tent testimony to support the findings and conclusions of the compensation authorities.
 

 Judgment of the learned court below is reversed, and here entered for defendants.