JAMES P. WHALEY, Appellant, *v.* SHELLADY, INC., a corporation of the State of Delaware, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., organized under the Laws of England, Appellees.

(*June* 9, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Claude L. Tease* for claimant, appellant.

*Herbert L. Cobin* for employer, appellee.

Supreme Court of the State of Delaware, No. 63, 1959.

BRAMHALL, J.:

This appeal raises the sole question of whether there was substantial evidence to sustain an order of the Industrial Accident Board terminating an award of permanent total disability and making an award of permanent partial disability.

On May 27, 1954, claimant in the course of his employment by employer as a plumber's helper, while tightening a flange on a cold water system, slipped and fell from a stepladder to the ground, injuring his spine. Medical examination later disclosed his injury to be an acute lumbosacral strain in the region of the small of his back, with traumatic arthritis around the area of the lower back. Claimant and the insurance company representing the employer entered into an agreement for the payment to claimant of the sum of $30 per week, based upon temporary total disability. Claimant was examined and treated by Dr. Irvine M. Flinn, Jr. and was also examined by Dr. David J. King, both orthopedic specialists. He was given conservative treatment until the latter part of 1955, at which time a spinal fusion was performed. His recovery from the operation appeared to be reasonably satisfactory, although there was some limitation of motion resulting from the spinal fusion, which constituted a permanent disability. On December 27, 1957, the insurance company filed with the Industrial Accident Board a petition for review in order to determine the extent of such disability.

At the hearing before the Industrial Accident Board the evidence submitted on behalf of the employer consisted largely

of the testimony of the two physicians. They testified substantially to the effect that claimant had had a satisfactory recovery; that the X-rays taken showed the fusion from the 5th lumbar to the sacrum doing very satisfactorily. Their testimony was to the effect that claimant was able to dress and undress with no apparent difficulty and had no limp; that his only restriction was in forward and lateral bending, which difficulty could be compensated for, in part, by substituting "bending at the hips"; that there was no muscular atrophy, weakness or paralysis in the lower extremities; that the motion of the ankles, knees and hips were all normal; that the reflexes were all normal; that the leg raising tests were negative.

Both doctors agreed that the only activities limited by the fusion were those requiring full flexion or bending of the spine; that the traumatic arthritis was removed by the operation; that the X-rays showed no indication that claimant was suffering from an arthritic condition; that the symptoms referring solely to the fusion would not prevent claimant from working; that there was definitely no relationship between the shoulder condition and the hemorrhoids of which claimant now complains and the injuries received by him in the accident.

Evidence was also presented showing that claimant was able to drive his car, shoot pool several times a week, and do surf fishing; that the history of claimant's activities prior to the accident and thereafter showed that he was at no time anxious to work; that he lived with his mother, who gave him his "board and keep", and that he was interested in working only when he needed something for his car, at which time he worked for the parts.

Claimant contends that he is not able to perform even the most menial tasks; that since his injury, he has tried to do various kinds of manual labor—the only type of work which he is mentally able of performing—and that, because of the injuries which he suffered as a result of the accident, he has

been wholly unable to compete with the most unskilled worker. A number of persons acquainted with claimant testified that he had difficulty in walking, in getting up and down, in putting air in the tires of his car, in sitting for a considerable length of time; was unable to do the work required in a gas station or as an electrician's helper; couldn't mow a lawn; couldn't lift anything; is in pain when going up and down stairs; cannot ride in a boat; sleeps on a piece of plywood; cannot work in a garden.

The Board found that claimant was able to return to work with some minor restrictions and that there was no causal connection between his present complaints and his injury. It accordingly reduced the order from $30 a week to $9. Claimant appealed to the Superior Court, which affirmed the findings of the Industrial Accident Board. Claimant appealed to this Court.

Claimant contends that the employer failed to sustain the burden of proof that there had been a diminution in claimant's incapacity to work. He argues that in the face of the positive testimony of claimant and his witnesses to the contrary, the evidence submitted on behalf of the employer does not sustain this burden. He further contends that since claimant is qualified to do only the most menial work, any such improvement which there may have been on his part does not show any increased capacity to work.

The testimony offered on behalf of the employer raised a question of fact which it was necessary for the Board to determine. The Board resolved that question in favor of the employer. The credibility of witnesses is usually a question for the finders of fact. Even uncontradicted evidence need not necessarily be accepted as true, where there is evidence or circumstances from which a contrary inference may be drawn. *Paul Const. Co. v. Powell*, 200 *Md.* 168, 88 *A.* 2d 837; *In re Garrett's Estate*, 372 *Pa.* 438, 94 *A.* 2d 357, certiorari denied *Wismiller v. Garrett's Estate*, 345 *U. S.* 996, 73 *S. Ct.* 1138, 97 *L. Ed.* 1403, re-

hearing denied 346 *U. S.* 842, 74 *S. Ct.* 16, 98 *L. Ed.* 362. The fact, as claimant seems to suggest, that the evidence offered on behalf of employer consisted of medical testimony does not detract from its force in the least.

■ Medical testimony may properly be the basis of the Board's decision notwithstanding the fact that the testimony of claimant and his witnesses was contradictory. *Irvin v. Plymouth Meeting Rubber Division Linear, Inc.,* 182 *Pa. Super.* 280, 126 *A.* 2d 491; *Savolaine v. Matthew Leivo & Sons,* 131 *Pa. Super.* 508, 200 *A.* 243; *Clark's Case,* 125 *Me.* 408, 134 *A.* 450. In the *Savolaine* case the client's testimony did not sustain an award but the medical testimony did. In holding that the medical testimony could properly be the basis for an award, the Court said [131 *Pa. Super.* 508, 200 *A.* 245]:

"The fact-finding bodies were not required to disregard the opinion of the medical experts and accept as true the testimony of the claimant. Their testimony was entitled to consideration with the other testimony in determining the disputed issues of fact. The opinion of medical men, especially in compensation cases, is generally very important."

■ Claimant sustained an injury to his back. He was treated and operated upon for this condition by Dr. Flinn. He was examined twice by Dr. King. Both doctors were thoroughly familiar with his condition. In view of the type of injury sustained by claimant and their intimate knowledge of his condition, it was of great importance that the Board have the benefit of their testimony. In fact, without the benefit of medical testimony, the Board would undoubtedly have had difficulty in determining appellant's disability. See *McCormick Trans. Co. v. Barone,* 8 *Terry* (47 *Del.*) 202, 89 *A.* 2d 160, 163.

We think that there was ample evidence to sustain the finding of the Board as to both claimant's physical improvement and as to his increased earning capacity.

The judgment of the Superior Court sustaining the award of the Industrial Accident Board will be affirmed.