# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| WAYNE FORAKER, | ) | |
| | ) | |
| Claimant Below - Appellant, | ) ) | |
| | ) | C.A. No. N19A-12-001 ALR |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Employer Below - Appellee. | ) ) | |

Submitted: August 28, 2020
Decided: November 5, 2020

*On Appeal from the Industrial Accident Board*
**REVERSED and REMANDED**


## MEMORANDUM OPINION


Craig T. Eliassen, Esquire, Schmittinger and Rodriguez, P.A., Attorney for Claimant Below - Appellant

John J. Ellis, Esquire, James T. Betts, Esquire, Heckler & Frabizzio P.A., Attorneys for Employer Below - Appellee


**Rocanelli, J.**

This is an appeal from a decision of the Industrial Accident Board ("IAB") which denied additional total disability benefits for aggravation of a preexisting injury.[1]

**Factual Background**

Wayne Foraker ("Foraker") was employed at Amazon.com, Inc. ("Amazon") and was responsible for stocking shelves. On March 28, 2019, Foraker was injured at work after bending over to place an object on a very low shelf. Foraker was paid temporary total disability workers' compensation benefits for his work-related injury during the period of March 29, 2018 until September 18, 2018. Thereafter, Foraker sought additional compensation for total disability that continued past the temporary date of September 18, 2018.

On October 23, 2019, the IAB held a hearing on Foraker's petition for additional compensation benefits. Foraker testified on his own behalf. Foraker stated he previously had two back injuries, one in 1993 and one in 1994. Foraker underwent back surgery in 1995 as a result of these injuries. Foraker spent some time in rehabilitation, but "[t]he last time [Foraker] had any treatment for back problems was in 1997."[2] Dr. James Zaslavsky ("Foraker's Doctor") testified on Foraker's behalf. Foraker's Doctor knew about Foraker's previous back injuries and

---

[1] *Foraker v. Amazon.com, Inc.*, No. 1470645 (Del. I.A.B. Nov. 18, 2019).
[2] *Id.* at 9.

2

1995 back surgery. Foraker's Doctor testified that Foraker was able to return to "working full duty" after surgery and "was working very physical jobs"[3] until the work injury in March of 2018.[4] Dr. Neil Kahanovitz ("Employer's Doctor") testified on Amazon's behalf. Employer's Doctor testified that he was aware of Foraker's prior back surgery.[5] Employer's Doctor "admitted that he had not seen any medical records referencing back symptomatology from 1997 until March 2018," and agreed that Foraker "was doing great" during that time.[6] Although the doctors disagreed about the extent of Foraker's injury on March 28, 2018,[7] they agreed with Foraker, and with each other, that Foraker did not seek medical care for his back from 1997 until he was injured at work on March 28, 2018. Accordingly, Foraker's testimony was undisputed that he did not suffer back pain from his prior injury at the time of his Amazon work injury.

## IAB Decision

The IAB rejected Foraker's claim, concluding that Foraker's work-related injury resolved.[8] Specifically, although it was not disputed, the IAB "[did] not find

---

[3] The physically demanding nature of Foraker's work at Amazon is not disputed.

[4] *Foraker*, No. 1470645, at 3.

[5] *Id.* at 14.

[6] *Id.* at 15-16.

[7] Foraker's Doctor diagnosed Foraker with an aggravation of the foraminal stenosi occurring at the site of Foraker's prior surgery. *Id.* at 4, 7. Employer's Doctor diagnosed Foraker with a lumbar strain. *Id.* at 12.

[8] Employer's Doctor testified Foraker's injury had "completely resolved . . . certainly by April 24, 2019." *Id.* at 13.

3

it credible that [Foraker] had no trouble or symptoms related to his prior accident and surgery."[9]  Further, the IAB found that Foraker's ongoing back injury was not the result of the March 28, 2018 work accident at Amazon; rather, according to the IAB, Foraker's injury was the result of the injury suffered by Foraker approximately 25 years previously, in the 1990s.

## Standard of Review

In considering an appeal from an IAB decision, this Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and are free from legal error.[10]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11]  This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[12]  The Court must give deference to "the experience and specialized competence of the

---

[9] *Id.* at 19.  The IAB also rejected Foraker's credibility regarding the pain he suffered from the Amazon injury.  The IAB found the medical records at the time of the Amazon injury did not identify leg pain but Foraker claimed leg pain.  *Id.* at 20.

[10] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[11] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016) (quoting *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981)).

[12] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015) (quoting *Johnson*, 213 A.2d at 66).

[IAB]" and must take into account the purposes of the Worker's Compensation Act.[13]

## Discussion

The Delaware Worker's Compensation Act provides that an employee is entitled to receive compensation for injuries sustained in accidents "arising out of and in the course of employment."[14] Whether an injury arises out of and in the course of employment is a mixed question of law and fact.[15] It is well-settled in Delaware that a pre-existing injury does not disqualify a worker from compensation if a previous injury is aggravated or accelerated by the new injury.[16]

While the IAB correctly acknowledged that an employee is entitled to worker's compensation benefits if a work-related accident "triggers" a prior injury, the IAB incorrectly applied the law to the facts of this case. In concluding that Foraker's continued pain was not the result of the Amazon accident but instead was attributable to Foraker's prior injuries, the IAB claimed to rely on a credibility finding. However, the IAB merely stated that the IAB rejected Foraker's credibility without specific reasons for disbelieving Foraker's uncontradicted testimony. In

---

[13] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[14] 19 *Del. C.* § 2304.
[15] *Histed*, 621 A.2d at 342.
[16] *See Reese v. Home Budget Ctr.*, 619, A.2d 907, 910 (Del. 1992); *E.I Dupont de Nemours & Co. v. Igwe*, 2005 WL 2158506, at *2 (Del. Super. Ct. Aug. 24, 2005), *aff'd sub nom. E.I. DuPont Denemours & Co. v. Igwe*, 892 A.2d 1083 (Del. 2006).

5

addition, the record does not include substantial evidence to support the IAB's conclusion. [17] Rather, the IAB merely asserted that Foraker was not credible. To the contrary, even Employer's Doctor agreed that Foraker had been "doing great" and had not sought medical care from 1997 until he was injured at Amazon on March 28, 2018.

In *Lemmon v. Northwood Construction*,[18] the Delaware Supreme Court considered whether the IAB could find a claimant's uncontradicted testimony incredible based on innuendos. The Court emphasized that, although the IAB is entitled to discount witness testimony on the basis of credibility, the IAB must provide specific, relevant reasons for doing so.[19] Moreover, the Court established that the IAB may not reject uncontradicted testimony based on innuendos.[20] Therefore, although the IAB is "not required to accept uncontested evidence as true"

---

[17] Although the IAB may accept the testimony of one medical expert over another, the IAB cannot make a simple conclusory statement that the IAB did not believe the claimant. *See Drainer v. Heating Oil Partners*, 2013 WL 3871412, at *7 (Del. Super. Ct. June 27, 2013), *aff'd,* 85 A.3d 88 (Del. 2014); *Holley v. State*, 1989 WL 147464, at *4 (Del. Super. Ct. Oct. 11, 1989).

[18] 690 A.2d 912 (Del. 1996).

[19] *Id.* at 913-14 (finding "the [IAB] is required to make express findings of fact, set[ting] forth its conclusions and provid[ing] reasons for drawing those conclusions"); s*ee Turbitt v. Blue Hen Lines*, 711 A.2d 1214, 1216 (Del. 1998) ("Rejection of evidence on the basis of credibility must be supported by specific references to evidence of record that prompts disbelief.") (citing *Lemmon*, 690 A.2d at 913-14).

[20] *Lemmon*, 690 A.2d at 913.

there must be "some evidence or circumstances that can give rise to a contrary inference."[21]

Under the *Lemmon* framework, a rejection of Foraker's credibility by the IAB must specifically reference record evidence that led to the rejection of Foraker's uncontradicted testimony. The IAB failed to reference *any* evidence within the record. To that end, the IAB only gave a blanket statement: the IAB "[did] not find it credible that [Foraker] had no trouble or symptoms related to his prior accident or surgery."[22] This finding is not supported by substantial evidence. The IAB may not simply dismiss uncontradicted testimony regarding Foraker's lack of back problems from 1997 until the accident in March 2018 without providing an explanation.

Further, there is no record evidence to support a contrary inference. It is undisputed that Foraker did not seek medical care for his back from 1997 until he was injured at Amazon on March 28, 2018.[23] Foraker, Foraker's Doctor and

---

[21] *Saunders v. DiamlerChrysler, Corp.*, 2006 WL 390098 (Del. 2006) (TABLE) (citing *Whaley v. Shellady, Inc.*, 161 A.2d 422, 424 (Del. 1960)).

[22] *Foraker*, No. 1470645, at 19.

[23] As stated, Foraker testified he did not have any treatment for his back since 1997. *Id.* at 9. Foraker's Doctor agreed that during the period from 1997 until 2018 Foraker was "doing great . . . [Foraker] was not using medicine" and Foraker was "active during that time . . . working very physical jobs." *Id.* at 3. Even Employer's Doctor "admitted that [Employer's Doctor] had not seen any medical records referencing back symptomatology from 1997 until March 2018" and agreed Foraker was "doing great" as stated by Foraker's Doctor. *Id.* at 15-16.

Employer's Doctor all agree that the medical records are devoid of any treatment for back pain from 1997 until the accident on Mach 28, 2018.[24]

While the IAB's findings, especially its credibility findings, are entitled to great deference by the Court, the IAB's conclusions must be supported by substantial evidence. Moreover, the IAB may not insulate its rulings from meaningful appellate review merely by claiming its findings are based on credibility determinations. Finally, the IAB committed legal error by failing to provide specific evidence to support rejection of uncontradicted testimony.

## Conclusion

Based on its review of the IAB record, as well as the IAB's Findings of Fact and Conclusions of Law, this Court hereby finds that the IAB committed legal error in its denial of additional workers' compensation from September 19, 2018. In addition, the record does not include substantial evidence to support the IAB's findings of fact that Foraker's Amazon injury had completely resolved as of April 24, 2019 and that any injury Foraker continued to suffer was due to a prior injury.

---

[24] *Id.*

**NOW, THEREFORE,** this 5th day of November, 2020, the decision of the Industrial Accident Board is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**