## Quinn, Appellant, *v.* American International Ship Building Corporation, United States Shipping Board Emergency Fleet Corporation.

*Workmen's compensation—Loss of eye—Operation on eye from which vision had gone—Right to compensation.*

On a claim for compensation under the Workmen's Compensation Act, no award will be made for the loss of an eye removed by an operation rendered necessary by an accident, where the vision in the eye had been extinguished for nearly twenty years prior to the time of the second injury.

If the use of the organ had already been lost, the claimant cannot recover compensation a second time, because of a subsequent physical loss of the organ. The compensation is, in effect, for the loss of the use of the member, and not for what might be called the nominal loss of a member, which had already ceased to function.

Argued March 14, 1921. Appeal, No. 40, Oct. T., 1921, by claimant, from order of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 1593, affirming decision of Workmen's Compensation Board, in the case of Patrick Quinn v. American International Ship Building Corporation, United States Shipping Board Emergency Fleet Corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before STERN, J.

The facts are stated in the opinion of the Superior Court.

The Workmen's Compensation Board disallowed the petition of the claimant and refused compensation, which the court subsequently affirmed. Claimant appealed.

*Error assigned* was the order of the court.

*Scanlon & Scanlon,* and with them *G. Coe Farrier,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., July 14, 1921:

The docket entries disclose that plaintiff's claim was presented to the Workmen's Compensation Board August 2, 1919, and after a reference to a referee, was disallowed September 6, 1919. About ten months thereafter, July 31, 1920, a petition for the allowance of an appeal was presented, and this "was granted by agreement of the parties in order to determine just one question of law, that is, the controlling issue in the case. The parties have agreed upon the following statement. The claimant through an accident when he was about fourteen years of age, practically lost the sight of one eye. The amount of vision retained being only sufficient to enable him to distinguish light from darkness. About twenty years later while he was employed at the Hog Island Ship Yard for defendant, a piece of steel became embedded in the same eye as a result of which the eyeball was eventually removed." The Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, provides as compensation exclusively for all disability resulting from the loss of an eye, 60% of the wages for 125 weeks, and further states that permanent loss of the use of an eye shall be considered as an equivalent of the loss of such eye. The Workmen's Compensation Board holding that the language above quoted had reference to compensation for the loss of the industrial use of an eye disallowed the

claim.  Upon an appeal to the Court of Common Pleas No. 2, of Philadelphia County, the conclusion arrived at was approved, but Judge STERN who wrote the opinion held that it was not the loss of the eye for industrial purposes, but what the act meant was the permanent loss for all practical intents and purposes.

The act is to be liberally construed.  Both the loss of the eye and the loss of the permanent use of the eye are covered by it.  The latter is to be construed as equivalent to the former.  The term "the permanent loss of the use of the eye" is not to be taken as requiring an entire deprivation of sight.  If the sight is practically destroyed and only a little vision left, the act should afford compensation for this the same as if the sight were gone entirely.  As above stated, counsel have agreed that the appellant's eye was practically lost many years ago. Had the first injury occurred in some employment since the passage of the Workmen's Compensation Act, the petitioner would have been allowed compensation for loss of the permanent use of his eye.  If this be so, he certainly is not now entitled to be paid again when the organ is removed.  That would be paying twice for what under the act is the same thing.  We quote from the opinion of the court below, "The act provides that 'permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye.'  It would therefore seem to follow that if the use of an organ had already been lost, the claimant could not recover such compensation a second time by reason of the subsequent physical loss of the organ itself.  In other words, the compensation is, in effect, for the loss of the use of the member and not for what might be called the nominal loss of a member which had already ceased to function."  Whether we apply to the present case the test used in regard to the loss of the use of a hand in Chovic v. Pittsburgh C. S. Co., 71 Pa. Superior Ct. 350, namely, that it has become useless in any employment for which the injured person is men-

tally and physically qualified, or if we adopt the standard set by the court below that the eye must be lost for all practical intents or purposes, our conclusion must be the same. The two constructions of the act are substantially the same in effect. The appellant lost the use of his eye many years ago and he cannot now again recover for the loss of the organ.

The claimant raises the question that section 306, subsection C of the Act of 1919, in that it uses the word "exclusively" deprives the injured party of the equal protection of the law by disallowing him any compensation whatsoever for the injury received. The shortest answer to this is, that according to the terms of the agreement under which the case was submitted, after the time for appeal had passed, the question of compensation for actual disability other than the specific loss of the eye was excluded. However, we see no reason why under the act and subject to the provisions therein contained, if proper proof had been presented, the claimant should not have received compensation for such time as he was actually incapacitated from work. The word "exclusively" in this connection we think means that when compensation is allowed for the loss of an eye that the complainant cannot in addition to such loss also claim compensation for the loss of time incident thereto, but when the loss of the organ or of its use is not allowed, it does not prevent a claim for the actual disability suffered from the injury. To illustrate, a man may have lost the permanent use of his arm and nevertheless, if still able to work, be entitled to receive compensation for the time lost due to an injury subsequently occurring to the useless member. Such disability would be compensated under subsection A and B of section 306.

Although we must consider the case within the limits of the agreement entered into by counsel, the writer has nevertheless read the testimony which was taken before the referee, and is of the opinion that there is no definite testimony or proper finding that would entitle the claim-

ant to compensation for the time that he was unable to work even if that question were properly before us.

The order of the lower court is affirmed.