# Fillip *v.* Wm. Cramp & Sons Ship & Engine Building Co. et al., Appellants.

*Workmen's Compensation Law—Practice — Appeals—Question on appeal.*

Upon an appeal from a judgment affirming an award of the Workmen's Compensation Board the appellate court must determine whether there is sufficient evidence to support the finding of the board.

*Workmen's Compensation Law—Section 306, clauses (b) and (c), Act of June 26, 1919, P. L. 642—Loss of earning power—Loss of use of eye—Evidence—Sufficiency.*

The Act of June 26, 1919, P. L. 642, amending section 306 of the Workmen's Compensation Act of 1915, P. L. 736, provides by clause (b) for compensation for any loss of earning power and by clause (c) for loss of use of a member.

A claimant who has had compensation under clause (b) for the only loss of earnings shown, cannot receive compensation for loss of use of his eye under clause (c) upon a showing that he has suffered some impairment of vision and is no longer able to do the particular kind of work he did before his injury.


Argued October 9, 1922. Appeal, No. 76, Oct. T., 1922, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 3558, affirming decision of Workmen's Compensation Board, in the case of Fred Fillip v. The Wm. Cramp & Sons Ship & Engine Building Company, and Maryland Casualty Company. Before POR-TER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ. Reversed.


Appeal from award of Workmen's Compensation Board. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The Workmen's Compensation Board reversed the finding of the referee who had refused compensation. The court below sustained the findings of the board and

affirmed its award of compensation. Defendants appealed.

*Errors assigned* were the decree of the court and its action in dismissing exceptions of the defendants.

*Louis Wagner,* and with him *Richard A. Smith,* for appellants.—The court may review the findings of the board to determine whether there is any evidence to support them and whether the law has been properly applied: Kuca v. L. V. Coal Co., 268 Pa. 163; Callihan v. Montgomery, 272 Pa. 56.

Whether the use of a member has been lost, or the classification of injuries, is reviewable by the court: Lente v. Luci, 275 Pa. 217; Quinn v. American Int. Ship-Bldg. Corp., 77 Pa Superior Ct. 304.

Incapacity to work is not the standard by which injuries are brought within the classification of clause 306 (c) by the act: Kerwin v. Am. Ry. Express Co., 273 Pa. 134.

*George C. Klauder,* for appellee.—The question of whether or not an injury has resulted in the permanent loss of the use of a member, such as an eye, hand, foot or leg, is purely a question of fact: Cartin v. Standard Tinplate Co., 263 Pa. 56; Chovic v. Pittsburgh Crucible Steel Co., 71 Pa. Superior Ct. 350.

OPINION BY LINN, J., November 23, 1922:

This is an appeal from the affirmance of an award of the Workmen's Compensation Board and depends on the sufficiency of evidence to sustain the award. Claimant was a machinist at the Cramp shipyard, and on August 18, 1920, while engaged in erecting machinery, was "reaming a pipe out for fitting a knuckle gear in" when the pipe struck him in the right eye and injured it. Compensation was agreed to and on November 5, 1920, claimant executed the final receipt stating that

disability ceased. He returned to the shipyard and was put to work testing castings and packing pistons, which he described as "a light job because I was hurt and couldn't work." He then received the same rate of wages paid before the injury. On January 15 or 16, 1921, he joined in a strike, still in progress when the referee heard the case in July, 1921. In June, 1921, he filed a petition for review of the compensation agreement executed on November 5, 1920, desiring "that the final receipt be set aside for the reason that I have lost the use of my right eye since January 1, 1921." The referee dismissed the petition without prejudice, saying he found the evidence insufficient "to support the claimant's contention that he had suffered the permanent loss of the use of the right eye." On appeal, the compensation board determined from the same evidence that claimant had lost the use of his eye, and directed a modification of the compensation agreement to accord with that finding of fact.

We all agree there is not sufficient evidence to support the finding of the board, a matter we must determine: Kerwin v. Express Co., 273 Pa. 134, 136.

Compensation for disability, total or partial, is provided in section 306, clauses a and b, P. L. 1919, p. 644, with the qualification that from the cases of partial disability (clause b) certain exceptions have been made, (collected in clause c) for which compensation shall be exclusively as specified in clause c, not depending on loss of earning power as provided for cases in Lente v. Luci, 275 Pa. 217; Berskis v. L. V. Coal Co., 273 Pa. 243; Quinn v. Ship Building Corp., 77 Pa. Superior Ct. 304; Cartin v. Standard Tin Plate Co., 263 Pa. 56; Pater v. Superior Steel Co., 263 Pa. 244; Chovic v. Crucible Steel Co., 71 Pa. Superior Ct. 350.

In clause c, compensation is provided "For the loss of an eye......Permanent loss of the use of......[an] eye shall be considered as the equivalent of the loss of......[an] eye."

No one contends claimant has lost the sight of the eye; his vision is impaired, and, we note in passing, that there is no evidence that he has less vision in the eye than he had when he signed the final receipt in November, or on January 1, 1921, the date upon which he declares he lost the use of the eye. One oculist testified that in the right eye claimant had 5/25 of normal vision, that would be somewhat improved with glasses, and that claimant had not lost the "industrial use" of the eye. Another oculist testified that the vision of the right eye was 15/70, which, he said, corresponded with the other oculist's 5/25 of normal. A third doctor said that "he had 20/50 [of normal vision] in the right or injured eye which......is loss of 16-½ per cent." A fourth doctor testified he had 56% of visual efficiency in the injured eye. All agree that the left eye is normal. Claimant testified that on account of the diminished vision he could not work as a machinist at the particular kind of machinist's work he had been doing at the time of the injury, because it was occasionally necessary to use measures and gauges requiring very good eyesight.

Claimant sustained an impairment of vision, compensable by clause b if there was resulting loss of earning power, and by clause c, if he lost the use of his eye. He was compensated for the only loss of earnings shown, and unless he can establish the loss of the use of the eye, he is not within clause c.

It is obvious that the evidence does not support a finding of the loss of the use of the eye, unless those words are employed in the statute in some special sense and not with their ordinary meaning. The position of the compensation board was, that as claimant, with impaired vision in the right eye, could not thereafter do the particular kind of work he did before, he had lost the use of the eye within the meaning of the statute. Though we interpret the statute liberally to accomplish the remedial purposes of its enactment, we cannot adopt that meaning. The result would be that if injury

to any member specified in clause c, constituted permanent loss of the member, whenever sufficient to disqualify for the particular kind of work in which injury was sustained, subsequent injury or injuries to the same member in different subsequent employments would have the same effect, and the loss of the same member be thus compensated more than once, a condition which cannot have been intended. If it had been intended, clause c would have provided that permanent loss of the use of a member for the purpose of the occupation in which claimant was engaged at the time of injury should be considered as the loss of such member.

In Quinn v. American Ship Building Corporation (supra) this court said of section 306 (c) : "Both the loss of the eye and the loss of the permanent use of the eye are covered by it. The latter is to be construed as equivalent to the former. The term 'the permanent loss of the use of the eye' is not to be taken as requiring an entire deprivation of sight. If the sight is practically destroyed and only a little vision left, the act should afford compensation for this the same as if the sight were gone entirely."

In Chovic v. Pittsburgh Crucible Steel Co. (supra), this court said: "Whether a man has lost the use of a hand depends upon whether the hand has become useless in any employment for which that particular man is mentally and physically qualified." In Kerwin v. Exp. Co. (supra), it was conceded that claimant was "not able to pursue the occupation he followed at the time of receiving injury or perform other manual work requiring the use of his arm." We may not hold that a man has lost the use of an eye when the impairment of vision is not sufficient to disqualify him for employment for which he is mentally and physically qualified. The evidence does not justify the conclusion that claimant is disqualified within the rule of those cases; there is evidence that he cannot now perform a certain kind of work which he performed as a machinist, but that lim-

ited disability does not bring him within the provisions of clause c.

The judgment is reversed and the record remitted with instructions to reinstate the conclusion of the referee.