# Massett *v.* Armerford Coal Mining Company and State Workmen's Insurance Fund of Pennsylvania, Appellant.

*Workmen's compensation—Injury to eye—Cataract — Lack of coördination—Loss of eye.*

In a claim for compensation under the Workmen's Compensation Law, it appeared that the claimant had suffered an injury resulting

580 MASSETT *v.* ARMERFORD COAL M. CO., Appel.

in a traumatic cataract, which after an operation was corrected with the use of glasses.   The injured eye failed to coördinate with the uninjured eye with the result that one eye gave full vision with glasses and the other full vision without glasses.

Since neither the eye nor the use thereof was wholly lost, compensation must be awarded, under the provisions of paragraphs (a) and (b) of section 306 of the Workmen's Compensation Law, rather than paragraph (c).

Argued December 10, 1923.   Appeal, No. 94, April T., 1924, by State Workmen's Insurance Fund of Pennsylvania, from judgment of C. P., Indiana Co., Sept. T., 1918, No. 318, affirming award of Workmen's Compensation Board, in the case of August Massett v. Armerford Coal Mining Company and State Workmen's Insurance Fund of Pennsylvania, Insurance Carrier.   Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Appeal from award of Workmen's Compensation Board.   Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board.   The insurance carrier appealed.

*Error assigned* was, among others, the decree of the court.

*Samuel I. Spyker,* Attorney for State Workmen's Insurance Fund, and with him *George W. Woodruff,* Attorney General, for appellant.

The claimant was not entitled to compensation for the loss of an eye: Fringes v. Motor Car Company, 182 N. Y. Appellate Division 445; Butch v. Shaver, 184 N. W. Repts., vol. 8, W. C. L. J. 857; Schneider on Workmen's Compensation Law, section 409, pages 1030 and 1035.

579, (1924).] Arguments—Opinion of the Court.

*Chas. J. Margiotti*, and with him *Peter J. Jurchak*, for appellee, cited: Chovic v. Pittsburgh C. S. Company, 71 Pa. Superior Ct. 350, p. 353; Quinn v. The American International Shipbuilding Corporation, 77 Pa. Superior Ct. 304; Fillip v. William Cramp & Sons Ship & Engine Building Company, 80 Pa. Superior Ct. 68, p. 72.

OPINION BY KELLER, J., February 29, 1924:

The facts on which the referee's award in this case was based are not in dispute. On December 4, 1920, the claimant, while working as a miner in the employ of the Armerford Coal Co. was struck on the pupil of his left eye by a flying stone, resulting in a traumatic cataract. The cataract was removed by a surgical operation, which necessitated the removal of the injured lens and its replacement by an artificial lens. Without the aid of glasses the percentage of vision of the injured eye is about five per cent; with glasses and a correcting lens it is about normal, 96 per cent. But with glasses it will not coördinate with the uninjured eye—the vision of which is better than normal—and therefore claimant cannot use the glasses for binocular vision. The result is that he has full vision with his right eye, provided he does not use glasses on his left eye; and using the glasses he has practically normal vision in his left eye, provided his right eye is closed. The referee concluded from this statement of facts that the claimant had permanently lost the use of his left eye within the meaning of section 306 (c) of the Workmen's Compensation Act and awarded him 60 per cent of his wages for 125 weeks; and the board and the court below affirmed the award.

We are regretfully constrained to reverse this action. An award under paragraph (c) of section 306 contemplates the absolute loss of one of the members mentioned in the paragraph or such a permanent injury as is the equivalent of its loss. It must be such an injury as "destroys the usefulness of the member": Lente v. Luci, 275 Pa. 217, 223.

Now the claimant's left eye is not destroyed. The lens, which focuses the light on the retina, is destroyed, but the retina is not, and with a correcting lens practically normal vision is obtained. Unfortunately the claimant cannot obtain this vision while using his uninjured eye, for the two eyes will not coördinate and do not present the same picture to the brain. But the eye is not destroyed; it is rather in reserve. That it is a serious injury, and that it detracts from the value of the eye, there can be no doubt, but the eye is not lost. For if claimant should lose his right eye, he would be able, using the injured eye, aided by a lens, to fully perform his duties. Under the theory adopted by the referee and the board it would be possible for this claimant to be twice awarded full compensation for the loss of each of his eyes, a condition which cannot have been intended: Fillip v. Wm. Cramp & Sons Co., 80 Pa. Superior Ct. 68, 72; for his other eye could be injured just as this one was, and the vision be corrected by a lens, and then both eyes could be absolutely destroyed by accidents. This is, of course, not likely, but it is a possibility, and no one would object more vigorously than this claimant if following a similar injury to his right eye and his possession of normal vision in both eyes, if used separately, it should be held that he could not be compensated for future injury to either because both had been judicially determined to have been lost.

The Workmen's Compensation Law of New York is practically the same as ours in that it provides a special schedule of compensation for the loss of certain members, including the eye, and declares that the permanent loss of the use of such member shall be considered the equivalent of its loss. In Frings v. Pierce-Arrow Motor Car Co., 169 N. Y. Supp. 309, 182 N. Y. App. Div. 445, the facts were almost identical with those in this case, and it was held that they did not justify an award for a fixed period on the basis of a loss of the eye or a permanent injury equivalent to its loss, but entitled

the claimant, rather, to compensation as provided in the act for such period of time as he was totally or partially disabled.   This case was followed in Valentine v. Sherwood Metal Working Co., 178 N. Y. Supp. 494, and in two memorandum opinions reported in 179 N. Y. Supp. 914 and 189 N. Y. Supp. 953; so that it may be considered as the law in that state.   The Supreme Court in Minnesota has ruled otherwise in Butch v. Shaver, 184 N. W. 572, but we prefer the reasoning in the New York cases.

We believe our ruling to be in accordance with the principles enunciated with much clearness by our Supreme Court in Lente v. Luci, supra.   There, it was held that where a workman, who had lost an eye, entered employment in the course of which he lost his remaining eye, his employer was not liable for total disability under section 306 (a),—as interpreted by clause (c) of said section providing that the loss of both eyes shall constitute total disability to be compensated according to clause (a),—but only for the loss of one eye in accordance with the schedule contained in section 306 (c); although the resulting disability was just as total as would be the loss of both eyes to a normal man.   The expressions "loss" and "loss of the use" as used in section 306 (c) should be given their unrestricted and ordinary use; and the claimant's eye or the use of it, is not lost unless it is useless in any employment for which claimant is physically and mentally fitted: Chovic v. Pittsburgh C. S. Co., 71 Pa. Superior Ct. 350, 353; Grammici v. Zinn, 219 N. Y. 322, 114 N. E. 397.   While he does not have the immediate use of the injured eye in conjunction with the other one, in view of the admitted fact that used by itself it will provide him with normal vision, we are unable to hold that it is useless.   His compensation, therefore, is to be determined under paragraphs (a) and (b) rather than paragraph (c) of the 306th section: Berskis v. L. V. Coal Co., 273 Pa. 243.

As the testimony was somewhat in conflict as to when his total disability ceased and the referee did not, under

his view of the case, determine that fact, the case must be returned to the board to find the facts relative to the claimant's disability and enter an order in conformity therewith;

The assignment of error is sustained. The judgment is reversed and the record is remitted with directions to recommit the record to the Workmen's Compensation Board for further hearing and determination in accordance with this opinion.