## Leed *v.* State Workmen's Insurance Fund et al., Appellants.

Argued September 28, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*S. H. Torchia,* with him *Charles J. Margiotti,* Attorney General, *John T. J. Brennan,* and *Henry E. Harner,* for appellants.

*John B. Graybill,* for appellee.

OPINION BY BALDRIGE, J., October 27, 1937:

The claimant in this workmen's compensation case when in the employ of the Department of Highways received an eye injury July 31, 1933. Under an agreement, in which the injury was described as "scratch on left eye ball," compensation was paid from August 7, 1933, to September 18, 1933. A final receipt was executed on October 6th, in which it was set forth that he had returned to work September 18, 1933. The injury proved to be very serious. Dr. Lefever testified that the cornea and lens were punctured and the eye was full of blood. On August 1, 1933, the claimant entered the hospital and the following day, upon Dr. Lefever's advice, his left eye was removed.

On July 30, 1934, claimant filed a petition to set

aside the final receipt, alleging that as a result of the accident he had lost an eye. The referee found as a fact that he did not have industrial vision of the injured eye prior to the accident, and entered an order of disallowance. On appeal, the board concluded that the claimant had industrial vision prior to the accident, and entered an award for the loss of the eye. On appeal to the court of common pleas, the court determined that there was not sufficient evidence to support the finding of the board and remanded the record for further testimony. The case was returned to the referee, who, after receiving additional evidence, found, as formerly, that the claimant did not have industrial vision of the eye prior to the accident. The claimant appealed to the board, and the referee's findings, conclusions of law, and disallowance were again set aside and an award for loss of claimant's eye was entered. The court of common pleas, on appeal, affirmed the board's action. This appeal followed.

The question in controversy is whether the claimant met the burden of showing by competent evidence that he was entitled to an award for the loss of his left eye as the result of an accident sustained in the course of his employment. We think he did and that the judgment should be affirmed.

The appellants argue that the testimony of the plaintiff at the original hearing and that of the physicians at the subsequent hearing show conclusively that the claimant did not have industrial vision of this eye prior to the accident. If the industrial sight of his eye had been lost prior to the accident, he could not recover subsequently for the physical loss of the organ itself. Section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736 as amended (77 PS §513), provides that the permanent loss of the use of an eye shall be considered as the equivalent of the loss of such eye. See, also, *Quinn v. American I. Ship Bldg. Corp.*, 77 Pa. Superior Ct. 304.

The claimant testified at the original hearing; that he had had trouble with his left eye from childhood; that it was not as good as the right one, but he could see big objects and had enough protective vision that he would not bump into anything; that by taking his time he could have driven an automobile with his right eye closed; that prior to the accident he had never worn glasses, nor had an optician or a doctor ever examined his eyes. He stated then and at the last hearing that if he had lost the vision of his right eye instead of the left, he would have been able to continue the character of work he was always accustomed to doing.

Proof of impairment of vision is not sufficient to establish industrial loss of an eye. One has not lost the use of an eye within the contemplation of our compensation laws until it is useless in any employment for which a claimant is fitted: *Novak v. State Workmen's Insurance Fund et al.,* 113 Pa. Superior Ct. 555, 173 A. 827.

Dr. Gracey, an eye specialist who was called by the appellants at the second hearing, stated that he had never examined the claimant's eye, but reviewed the record and gave the opinion that the claimant had some vision but not industrial vision in the eye he had lost.

Dr. Posey, a general practitioner, testified that in 1927, six years before the accident, after examining the claimant he had him enter the hospital at Lancaster to have his appendix removed. He produced the hospital record, which was received in evidence, which sets forth that the patient was blind in the left eye. This record was made by an interne who was not an eye specialist. The witness conceded that he had not examined the claimant's eye immediately prior to his admission to the hospital, but he stated he had made an examination of his eye at his home at different times and that the family or part of the family had been present. The claimant denied that Dr. Posey had ever examined his

eye before he went to the hospital, and his mother testified to the same effect.

Section 422 of the Workmen's Compensation Act (77 PS §835) provides: "The records kept by a hospital of the medical or surgical treatment given to an employee in such hospital shall be admissible as evidence of the medical and surgical matters stated therein, but shall not be conclusive proof of such matters." The notation made on this hospital record was a matter which was not the subject of treatment of the patient at the time and the person making the entry did not testify. Mr. Chief Justice KEPHART, in *Paxos v. Jarka Corp.,* 314 Pa. 148, 153, 171 A. 468, points out very clearly that if hospital records are admissible in evidence, three probative elements must be present: (1) they must be made contemporaneously with the acts which they purport to relate; (2) at the time of making, it was impossible to anticipate reasons which might subsequently arise from making a false entry in the original record; or (3) the statements or entries must be made by one possessing knowledge of their truth; and holds that where the records of a hospital are made not by physicians admitted to practice, but by internes or students not qualified as experts, and there is no evidence that they were made at the direction of the physician in charge, it is error to admit the records.

The statement, therefore, in this hospital record that the claimant's left eye was blind was not entitled to consideration.

If this disputed question about the condition of the eye had been the issue in a case being tried before a jury, the court would not have been warranted, under the evidence adduced, in giving binding instructions. We have frequently held that it is not the duty of a court to weigh the evidence. That responsibility devolves upon the fact-finding body, and, if the record discloses that there is any competent evidence to support an award, we do not interfere.

The legal proof before us is sufficient to support an award. The claimant is, therefore, entitled to retain his judgment.

Judgment affirmed.