## Schultz *v.* Daugherty Refining Company (et al., Appellant.)

Argued April 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*David M. Kaufman,* with him *Leonard H. Krieger,* for appellant.

*Carmen V. Marinaro,* for appellee.

PER CURIAM, April 29, 1938:

There is no essential difference in the facts between this case and *Massett v. Armerford Coal Mining Company,* 82 Pa. Superior Ct. 579. On the authority of that case the judgment must be reversed. Just as in the Massett-Armerford case the evidence here does not sustain a finding that the injury to the plaintiff's left eye amounts to the permanent loss of the use of the eye, for which compensation can be awarded, under section 306(c), for the loss of an eye.

The referee and the Board having erroneously concluded that the injury to the claimant's eye brought him under section 306(c) gave no attention to the question of partial disability, if any, resulting from the injury. It is admitted that claimant returned to work on December 16, 1935, so that he is not entitled since that date to compensation for total disability under section 306(a). If he is entitled to any further compensation it must be under section 306(b) relating to partial disability.

Following the Massett-Armerford case the record will be remitted to the Board to consider and determine that question, in the light, however, of our recent decisions. See *Sayre v. Textile Machine Works,* 129 Pa. Superior Ct. 520, 195 A. 786, and cases therein cited.

The judgment is reversed and the record is remitted to the court below with directions to re-commit it to the Workmen's Compensation Board for further hearing and determination in accordance with this opinion.