## Taylor v. Yenter et al.

*Frank B. Warfel,* for claimant.
*Robert C. Haberstroh,* for defendant.

PATTERSON, P. J., January 20, 1943.—This is an appeal from the findings of the Workmen's Compensation Board awarding Ellis Taylor compensation for the loss of the industrial use of his right eye, as a result of an accident sustained during the course of his employment with John C. Yenter on August 3, 1939. "While putting iron strap bands on wooden forms one of the pieces of iron pierced Taylor's right eyeball, cutting the same". After several hearings were had and a number of medical witnesses were called as to the extent of claimant's injuries, the referee filed an opinion July 11, 1941, finding that claimant had lost the industrial use of his right eye, and accordingly awarded claimant compensation against defendant, John C. Yenter, and the Pennsylvania Manufacturers' Association Casualty Insurance Company in the sum of $18 per week, beginning August 10, 1939, and continuing for a period of 125 weeks, or a total amount of $2,250, with interest on accrued payments, as provided by the act; defendant to take credit for the amount of compensation already paid. The case was appealed to the Workmen's Compensation Board,

and an opinion was filed June 22, 1942, sustaining the award of the referee.

The question involved in this case is whether claimant has lost the industrial use of his right eye, as defined by section 306(c) of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, as amended.

"An award under paragraph (c) of section 306 contemplates the absolute loss of one of the members mentioned in the paragraph or such a permanent injury as is the equivalent of its loss. It must be such an injury as 'destroys the usefulness of the member': Lente v. Luci, 275 Pa. 217, 223": Massett v. Armerford Coal Mining Co. et al., 82 Pa. Superior Ct. 579, 581.

Medical testimony was taken in support of the claim, but evidently there was some confusion as to what the act means when it refers to the loss of the eye. The medical testimony for claimant shows that claimant sees double if he attempts to use the injured eye in connection with his good eye, but it is not contested that if he would not use his good eye he could correct the injured eye with a lens which would give him substantial vision, one doctor making it as high as 90 percent.

Medical witnesses for defendant hold that the use of his eye is not lost, but that it can be corrected by a lens, if it is used alone, without any connection with the other eye. One of the tests in deciding cases under section 306(c) is:

"The question whether a claimant has lost the industrial use of his eye is to be determined from the disability of the injured eye without reference to the remaining good eye": Roveran v. Franklinshire Worsted Mills et al., 124 Pa. Superior Ct. 119 (syllabus).

Under the interpretation of the act as laid down by the Superior Court in the case of Massett v. Armerford Coal Mining Co., supra, the testimony in this case is not of such quality as would support an award for the loss of the eye, as contemplated by the act. Therefore, the award of the Workmen's Compensation Board must

be reversed. In view of the fact that there is evidence that claimant is suffering from continuing disability on account of the injury the record is remitted to the Workmen's Compensation Board for further hearing and determination on the question of disability.

### Decree

Now, January 20, 1943, the award of the Workmen's Compensation Board awarding claimant compensation for the loss of the industrial use of his right eye is, reversed, and the record is directed to be remitted to the Workmen's Compensation Board in accordance with this opinion.