Wildman *v.* Pennsylvania Department of Highways et al, Appellant.

Argued April 12, 1945. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich, Ross and Arnold, JJ.

S. H. Torchia, with him Ralph H. Behney, M. H. Kowallis and James H. Duff, Attorney General, for appellant.

Murray J. Jordan, with him Fred J. Jordan, for appellee.

Opinion by Baldrige, P. J., July 19, 1945:

We have before us this question: Did the claimant establish by sufficient proof that he lost the permanent use of his left eye on May 8, 1941, as the result of an accident while in the course of his employment

On July 2, 1941, the parties entered into a compensation agreement. It gave the following description of the accident: "Claimant was loading truck with brush, particle of dust from brush flew into eye. Inflamed and irritated left eye." In September of that year the defendant, in payment of total disability from May 21, 1941, to July 3, 1941, tendered claimant a check for $56.57, having attached thereto a final settlement receipt which he refused to sign. The insurance carrier then filed a petition to terminate the agreement. The claimant on October 14, 1941, filed a petition alleging complete loss of the sight of his left eye as the result of the accident. By agreement of the parties these pe-

titions were considered together. The referee found the claimant had lost the industrial vision of his left eye due to the accident and awarded compensation for 125 weeks under section 306(c) of our Workmen's Compensation Act and by a separate order dismissed the petition to terminate. The board on appeal reversed the referee, ordered the termination of the agreement as of August 4, 1941, and found in its seventh finding that the claimant had no "reading vision" in his left eye before the accident and in the eleventh finding that prior to May 8, 1941, he had no "industrial vision" in that eye, and dismissed his petition. The claimant appealed to the court of common pleas and it at first affirmed the board. A reargument was granted and after further consideration the court sustained the exceptions to the board's findings of fact, conclusions of law, and order and directed the record to be remitted to the board "for further action." Admittedly, the claimant did not have a "reading vision" before the accident, but neither "reading vision" nor want of "industrial vision" is the proper standard to apply in this case.

Under the amendment of June 4, 1937, P. L. 1552, §1, of the Workmen's Compensation Act of 1915, P. L. 736, proof of the permanent loss of the use of an eye for *industrial purposes* was the equivalent of the permanent loss of the eye and supported an award. There was a further amendment on June 21, 1939, P. L. 520, 77 PS §513, which governs this case. The words "for industrial purposes" were struck out, so that the question for the fact finding body to determine in this case was not whether the claimant had or had not a "reading vision" or "industrial vision" but had he lost the permanent use of his left eye for all practical intents and purposes.

This case is strikingly similar in its facts to those in *Diaz v. Jones & Laughlin Steel Corporation*, 155 Pa. Superior Ct. 177, 38 A. 2d 387. The claimant there had paint sprayed into his eye on May 14, 1941. He

had suffered a similar injury with the same employer about eight years prior. The compensation authorities held he had lost the "industrial vision" prior to the second accident and denied compensation. On appeal the court of common pleas reversed and sent the record back to the board with directions that "a further inquiry be made" especially as to the extent of the injury caused by the first accident. We dismissed the appeal that followed to this court holding that the proper test was not whether the claimant had lost the "industrial vision" in his eye, but had he permanently lost its use for all practical intents and purposes. We said, pp. 183, 184: "The standard was not, whether, before the accident in 1941, *with the right eye gone,* he could see sufficiently with the left eye to do his work as a painter; but, whether *using both eyes* he had better general vision than he would have with only the right eye. In other words, could he see better, in general, using the left eye in connection with his good right eye than by using the right eye alone? If he could, he had not lost the use of his left eye to such an extent as to be considered the equivalent of the permanent loss of the eye."

We thoroughly agree with the appellant that the court of common pleas does not have the right to weigh the testimony or to determine the questions of credibility; that is solely within the province of the compensation authorities, *(Monahan v. Seeds & Durham et al.,* 336 Pa. 67, 6 A. 2d 889, and *Icenhour v. Freedom Oil Works Co. et al.,* 145 Pa. Superior Ct. 168, 20 A. 2d 817) but that is not what the court did. It did not substitute findings of fact for those of the board or attempt in any way to direct or influence it as to any findings to be made on a rehearing. Nor did the court, as appellant argues, leave no alternative to the board, but to enter an award in favor of the claimant. The court's order left the compensation authorities entirely free to make, after rehearing, any findings of fact that they saw fit, provided of course they were based upon

sufficient legally competent evidence and to make such an order as was consistent with its findings of fact and conclusions of law.

Order is affirmed.