### RIVERS v. STEMBRIDGE & SONS, Inc.

Industrial Commission.

May 11, 1953.

Martin & Martin, Plant City, for the claimant.

Carver & Langston, Lakeland, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, Commissioner H. E. WOLFE and Commissioner L. R. WESTON participated in the disposition of this matter.

BY THE COMMISSION.

This cause came on to be heard on an application for review of a deputy commissioner's order denying compensation. Claimant injured his left eye in an accident arising out of and in the course of his employment. The deputy commissioner found that the injured eye was totally blind prior to the industrial accident, due to an accident suffered to the same eye some years before. There is substantial, competent evidence in the record to support this finding—all the medical testimony presented was to the effect that claimant's left eye was totally blind prior to the injury in question. Under the authority of United States Casualty Co. v. Maryland Casualty Co. (Fla.), 55 So. 2d 741, the deputy's finding is upheld in this respect.

The commission has carefully considered the recent Supreme Court decision in Florida Game & Fresh Water Fish Comm. v. Driggers, 65 So. 2d 723, and it is our opinion that the Court has adopted the "practical use test" which holds that to be fully compensable the eye lost need only have had vision useful to the employee in his private life at the time of the accident complained of —that is, as opposed to being blind if he lost his other eye. In that case the Court construed section 440.15(3) (e)—"Eye lost, one hundred and seventy-five weeks compensation"—as talking about the loss of the organ itself.

Upon a careful reading of the decision we are of the opinion that it is likely the Supreme Court meant the loss of a functioning organ, although an infirm one, and not the loss of a totally blind and useless organ. This interpretation more fully complies with the original purposes of the workmen's compensation act. The Act was not intended to furnish compensation for the loss of an absolutely useless organ such as a totally blind eye. The employee has been fully compensated for temporary total disability due to the enucleation of the organ.

.The above interpretation is also in accord with the apparent weight of authority in other jurisdictions. In section 290 of the workmen's compensation article in 58 American Jurisprudence it is stated—"But the removal of a sightless eye is not compensable as for the loss thereof." In Quinn v. American International Shipbuilding Corp. (1921), 77 Pa. Super. Ct. 304, it was held that no award would be made for the loss of an eye removed by an operation, rendered necessary by an accident, where the vision in the eye had been extinguished for nearly twenty years prior to the time of the accident, the compensation, in effect, being for the loss of a normal member which had ceased to function.

In London Guarantee & Accident Co. v. Industrial Commission (Colo. 1924), 230 Pac. 598, a specific provision for additional compensation for 139 weeks for "the loss of an eye by enucleation," which was immediately followed by another provision for additional compensation for only 104 weeks, for total blindness of one eye, was held not to authorize an award for the period first mentioned, where the eyeball of one eye, already blind, was enucleated. In Rye v. Chevrolet Motor Co. (Mich. 1924), 201 N. W. 226, it was held that an eye which previously had no vision whatever was of no use in working, and accordingly there was no real eye to lose, it being merely a "physical" eye, and its loss by being removed was held not compensable.

The order of the deputy commissioner is affirmed.