## Stachowski *v.* Incorporated Real Estate Investors, Appellant.

Argued September 28, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Louis Wagner*, with him *Richard A. Smith*, for appellants.

*Williamson & Cupp*, for appellee, submitted a brief.

OPINION BY ROSS, J., November 11, 1953:

Claimant is a carpenter. On April 9, 1951, in the course of his employment with defendant, he was struck in the right eye by a block of wood. A traumatic cataract resulted from the accident and an open agreement was entered into under which compensation was paid until June 11, 1951, when claimant returned to work, without loss of wages. Claimant then petitioned for a modification of the agreement to provide compensation for the loss of the eye under §306(c) of the Workmen's Compensation Act of 1915 as currently amended by the Act of May 14, 1949, P. L. 1369, cf. 77 PS §513. The referee, after hearing, concluded from specific findings: "The claimant has permanently lost the use of the right eye for all practical intents and purposes", and on that ground modified the agreement to provide compensation for the specific loss of the eye under §306(c). The Board affirmed and the court entered judgment on the award.

The 1949 amendment, in effect at the time of claimant's injury, continued the language of the original Act (changed by the amendment of June 4, 1937, P. L. 1552, but restored by the Act of June 21, 1939, P. L. 520) awarding compensation for specific loss under §306(c) by providing: "Permanent loss of the use of . . . [an] eye shall be considered as the equivalent of the loss of such . . . eye". This language by settled judicial construction, means that "the permanent loss of its use *for all practical intents and purposes*" amounts to the loss of an eye, compensable as such under §306(c). *Criner v. McKee Glass Co. et al.*, 162

Pa. Superior Ct. 627, 60 A. 2d 595; *Wildman v. Pa. Dept. Highways,* 157 Pa. Superior Ct. 301, 43 A. 2d 342.

Claimant's medical evidence was not questioned. Dr. Philip H. Decker testified that he examined claimant shortly after his injury and that he had no more than only light perception in the injured eye at the time. Over a period of some months claimant submitted to a series of necessary operations for the removal of the cataract, after which, with a very heavy glass correcting lens, his vision in the injured eye was restored to "20/20 plus". Claimant had almost normal sight in the uninjured left eye. Without the correcting lens claimant had only 20/400 vision in his injured eye. His vision in that eye when corrected cannot be co-ordinated with the vision of the normal left eye. The result is that claimant has lost the capacity for binocular vision. By closing his good left eye he can see normally with the injured eye by means of a correcting lens. And similarly he can use his normal left eye only in the absence of the correcting lens on the injured eye. Claimant in reality therefore has monocular vision only, with a resulting definite handicap in the performance of his work. The expert medical witness agreed that claimant: "For practical purposes in the line of work he had been doing, he has lost his vision" in the right eye.

The findings of the referee, all of which were affirmed by the Board, reflect the undisputed testimony of Dr. Decker and are amply supported by it. Moreover, claimant's right to compensation for the specific loss of the eye is not affected by the 8th finding of the referee, based upon testimony of this witness, to the effect that: "The right eye is an eye in reserve". True, on the remote contingency of the possible future loss of the left eye, claimant still will have the equivalent of the vision of one normal right eye by the use

of the corrective lens. And on this ground claimant would be barred if we were to apply the holding of *Massett v. Armerford Coal M. Co.*, 82 Pa. Superior Ct. 579. The *Massett* case however is not consistent with the liberal construction to be applied to the Workmen's Compensation Act as remedial legislation and it has been overruled by our *Criner* case, supra.

The fact that by means of a correcting lens an otherwise sightless eye, for practical purposes, may be restored to the equivalent of normal function, is no longer decisive of the right to compensation under §306(c) solely on the ground that it is "an eye in reserve". The issue here is whether claimant has better vision using the injured eye (without the correcting lens) along with the left eye than he would have with the uninjured eye alone. Cf. *Diaz v. Jones & Laughlin Steel Corp.*, 155 Pa. Superior Ct. 177, 184, 38 A. 2d 387. The usefulness of the injured eye was to be appraised in terms of conditions at the time of the removal of the cataract and not as affected by a remote contingency at some time in the future. The use of the injured eye with only 20/400 vision (the only use claimant can now make of the eye) does not contribute materially to claimant's vision in conjunction with that of the normal left eye. On the testimony and findings in this case claimant clearly has suffered the loss of the use of the injured eye "for all practical intents and purposes" and is entitled to compensation for the specific loss of the eye.

Judgment affirmed.