Shick, Appellant, *v.* Rimersburg Methodist
Church.

Argued April 11, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Elmer G. Klaber,* for appellees.

OPINION BY GUNTHER, J., June 15, 1960:

In this workmen's compensation case, Roll M. Shick, appellant, has filed an appeal from the judgment and order of the court below in sustaining the exceptions of Rimersburg Methodist Church and General Accident F/L Assurance Corporation, appellees, to the order of the Workmen's Compensation Board, directing them to make payment in accordance with the order entered.

Appellant was employed by the Rimersburg Methodist Church in connection with an expansion program which called for the conversion of the cellar into a Sunday School room. This work had been approved by the congregation and was to last for a considerable period of time. Appellant began to work for the Church on January 7, 1957, continued intermittently until January 24, 1957, and thereafter worked steadily until January 29, 1957. While working in the basement area, a tractor high lift was operating in the small enclosure without proper ventilation. During

work, appellant sustained severe pains in his chest and went home and called his family physician.

Appellant was subsequently hospitalized and was unable to return to work from that time on. He filed a claim for compensation and a hearing was held on July 26, 1957, at which time claimant appeared without counsel. The referee handed down his decision stating that the physician attending appellant at the hospital was of the opinion that the inhalation of fumes from the tractor could have caused the claimant's heart attack but, nevertheless, concluded that because the claimant was not an employe of the appellee church in the regular course of its business, and that the work was casual, he was not entitled to compensation.

After the appeal period had expired, appellant sought legal counsel, and a petition to reopen and reconsider the claim was filed with the board. The board concluded that there were serious legal questions raised and because the referee may have erred on points of law with respect to casual employment and usual course of business of the employer, and because the claimant was unaware of his rights, not represented by counsel, it ordered the case reopened. A further hearing was held on May 22, 1958, at which the claimant offered the medical testimony of Dr. David L. Miller who conducted the cardiogram study of appellant. Dr. Miller testified that the breathing of fumes from the tractor was an important precipitating factor to appellant's myocardial infarction with permanent damage resulting. In addition, further testimony was offered to show that the work appellant was doing was in the usual course of business of the appellee church and was not casual. Appellant testified he had not been able to return to work. The referee again denied the claim for the reason that the work

was casual and not in the regular course of business of appellee.

On appeal, the board filed an opinion which reversed the referee's dismissal of the claim and awarded compensation benefits. The insurance carrier appealed from this decision to the court below, and the court reversed the board and entered judgment for appellees. The exceptions filed in the court below were: (1) that the claimant was performing occasional work which was not done in the usual course of business of the church; (2) that the claimant was not disabled from the time of the accident to the time of hearing; (3) that the claimant suffered no accidental injury in the course of his employment within the meaning of the Workmen's Compensation Act; (4) that claimant was not totally disabled which entitled him to compensation, and (5) that setting aside the referee's disallowance of the claim and awarding compensation for total disability was error. The court below sustained all but the first exception and a part of the third exception.

The question raised on this appeal is whether the court below erred in weighing the evidence previously offered to determine that the testimony was insufficient to support the board's findings of fact, and, if so, whether it was error to reverse the board's findings of fact without remitting the record for the taking of additional available testimony?

The Workmen's Compensation Law is a remedial statute and should receive a liberal construction. *Shannon v. Turissini,* 190 Pa. Superior Ct. 522, 154 A. 2d 310; *Confer v. Herbert R. Imbt, Inc.,* 191 Pa. Superior Ct. 74, 155 A. 2d 382. On appeal from a determination made by the board, the inquiry of the court is limited to whether the findings of fact can be supported by competent and substantial evidence. *Ristine*

*v. Moore,* 190 Pa. Superior Ct. 610, 155 A. 2d 456; *Koza v. United States Steel Corp.,* 190 Pa. Superior Ct. 70, 151 A. 2d 823. It is equally clear that our duty is to view the evidence in the light most favorable to the party in whose favor the board found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Ristine v. Moore,* supra; *Diehl v. Keystone Alloys Co.,* 189 Pa. Superior Ct. 149, 149 A. 2d 479; *Curran v. Walter E. Knipe & Sons, Inc.,* 185 Pa. Superior Ct. 540, 138 A. 2d 251.

Since both the board and the court below found that at the time of the accident the claimant was engaged in the usual business of the employer, Rimersburg Methodist Church, and since no appeal was taken from this determination as well as the finding that the work was not casual, the first exception cannot be considered.

An examination of the record reveals that there was evidence produced to support the finding of fact made by the board as to the claimant's total disability. The claimant himself testified that as a result of the injuries sustained, he had been unable to return to work. While the testimony of the medical experts is admittedly limited, this appears so because the principal issue in the later hearing centered around the question whether the injuries sustained by claimant occurred while he was working in the usual course of the employer's business. However, Dr. Miller, when asked for his opinion as to whether the breathing of fumes from the exhaust of the tractor brought about the myocardial infarction sustained by claimant, replied that "this incident was a final but certainly important precipitating factor." In addition, at the original hearing, Dr. Shick (not related to claimant), when asked with respect to whether the breathing of

fumes could have caused the infarction, stated that "It could in this respect. His heart was over working and not enough oxygen to keep the heart going. I think this could give a man a heart attack in a man pre-disposed to this." The court below while stating this evidence to be "meager", nevertheless concluded that it was insufficient to sustain the board's finding in this regard.

The court below also concluded that the compensation authorities failed to find as a fact that claimant suffered a compensable accident on January 29, 1957. However, the referee's eleventh and sixteenth findings of fact do not bear this out. The board affirmed these findings in its order.

While the court below correctly stated that the weight of the testimony was properly for the board's determination, it did weigh the medical testimony and concluded that it was not unequivocal. It referred to the failure to call claimant's personal physician and concluded, erroneously we believe, that there was no legal explanation for his absence. The referee specifically referred to this fact at the first hearing. The court also correctly stated that the board need not accept uncontradicted testimony as true, but the fact that the board did so cannot be assigned as error. The board, having found total disability even on the uncontradicted testimony of the claimant himself and his doctors and allowing compensation for total disability cannot be considered as error. Any causal connection between claimant's accident in 1957 and his present disability is a question of fact. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109.

We agree with the court below that there was not sufficient factual medical evidence to conclude that the claimant was totally disabled as a result of the injuries he sustained on January 29, 1957. The medical testi-

mony showed that the examinations were incomplete and that without additional examinations, no factual determination could be made properly. However, we do not agree that for this reason judgment should be entered for appellees. Section 427 of the Workmen's Compensation Law, 77 P.S. section 879, as amended specifically provides: "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination, . . . ." It is not within the province of the court to weigh the evidence produced and arrive at a different conclusion from that arrived at by the board but to determine whether the findings as made can be supported by competent and substantial evidence. The problem of the court below as expressed in its opinion centered more around the sufficiency rather than the lack of evidence from which a proper determination could be made. Under such circumstances, especially in view of the fact that additional evidence was available, the matter should have been referred back to the board for the taking of additional evidence in order to properly adjudicate the question involved in the case.

The cases relied on to make it unnecessary to remit the record have no application when the facts found are not sufficient for a proper decision of the legal question raised. Thus in *Anderson v. Baxter*, 285 Pa. 443, 132 A. 358, the case turned on the question whether the death resulted from the injury and the Court concluded that such a matter was a question of law and the record need not be remitted for such a determination. The case of *Callihan v. Montgomery*, 272 Pa. 56, 115 A. 889, referred to alleged errors in the conclusions of law and not errors in the findings of fact. In the case of *Giallonardo v. St. Joseph's Col-*

*lege,* 177 Pa. Superior Ct. 87, 111 A. 2d 178, we held that the finding of fact of the board was actually a conclusion of law. We further held that the record did not have to be remitted where it appeared that the testimony was sufficient for a proper adjudication of the question raised.

The order of the court below is reversed and the record is remitted to the Workmen's Compensation Board for the taking of additional medical testimony to determine the nature and extent of the disability involved and for the necessary findings of fact thereon.

DISSENTING OPINION BY ERVIN, J.:

I would affirm the order of the court below upon the able and comprehensive opinion of President Judge LLOYD F. WEAVER. Concededly there was no accident in the ordinary lay understanding of the term. The record discloses that claimant had a prior coronary condition of long standing and of a serious character. Unequivocal medical testimony was essential, and the medical testimony is not unequivocal. Claimant's own witnesses testified that the alleged infarction would have been months prior to his employment. Claimant has not, in my opinion, met the burden of proof in this case.

WRIGHT and WOODSIDE, JJ., join in this dissent.